ironically, the reason why AT&T Wireless identified the present Site as an alternative. Indeed, the Town's "hostility" to wireless communications facilities was adjudicated by this Court in a matter involving proposed wireless communications facilities by other carriers on BECO tower No. 111, next to the tower where AT&T Wireless had been previously rebuffed. See *Nextel Communications of the Mid-Atlantic, Inc. v. Town of Wayland*, 231 F.Supp. 2d 396, 406-407 (D. Mass. 2002).

81. Nor was there any evidence to refute AT&T Wireless' proof that location on electric transmission towers no. 120-132 was not reasonably feasible from a permitting, construction, and community impact point of view. In lieu of evidence, the Board cited Sprint's request on April 26, 2004, for a continuance until September, 2004, for the stated purpose of studying the BECO towers. In the nearly four months since that April request (including the three full months between the request and the Decision), Sprint has submitted no information refuting AT&T Wireless' conclusion that the BECO towers are not reasonably feasible.

82. The Board "concluded that testimony as to the potential diminution of real estate values provided additional support for a determination that 137 Boston Post Road is not the optimal location for a WTF." Consistent with the Town's and the Board's past and present animus against towers in general, the Board based this finding upon generalized testimony applicable to all wireless communications towers, rather than specific evidence tailored to the particular proposal in question. Moreover, at least some of this testimony incorporated the presumed effect upon property values of opponents' fears regarding the health effect of radio frequency emissions, which even the Board admitted it could not lawfully consider directly, in light of 47 U.S.C. § 332(c)(7)(B)(iv).

83. Likewise, the Board stated that a fall zone equal to tower height was needed for public safety reasons, based upon "photographs" showing a different tower, not involving Eastern Towers or AT&T Wireless, in Oswego, New York. In so doing, the Board ignored the expert engineering evidence regarding tower design and safety features, ignored differences between the proposed tower and the Oswego tower, and conjured supposed dangers that would apply to any tower. The Board also intruded into an area governed by the state building code, beyond the jurisdiction of a local zoning authority. This reliance upon an empty record and unsubstantiated assumptions flowed from the Board's anti-wireless animus.

## THE TELECOMMUNICATIONS ACT OF 1996

84. Congress has determined that there is a public need for wireless communications services such as that provided by AT&T Wireless and by Eastern Towers' other clients. The Telecommunications Act was intended to "provide for a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies to all Americans".[6]

85. The Telecommunications Act, while preserving certain State and local authority over the placement, construction or modification of wireless facilities, expressly preempts State or local governments from regulating such facilities in a manner that prohibits or has the effect of prohibiting the provision of personal wireless services, or from unreasonably discriminating among providers of functionally equivalent wireless services. The Telecommunications Act also requires that the decisions of State or local governments concerning any requests for

---

[6] Omnipoint Communications MB Operations, LLC, v. Town of Lincoln, 107 F. Supp.2d 108, 114 (D. Mass. 2000) (citations and internal quotations omitted).

authorization to place, construct or modify wireless facilities must be supported by "substantial evidence".

### IRREPARABLE HARM

86. By denying Eastern Towers and AT&T Wireless the right to construct the proposed flagpole-style facility and install and operate AT&T Wireless' essential telecommunications equipment at the Site, the Board has effectively prohibited AT&T Wireless from covering this portion of Wayland and has effectively prohibited Eastern from serving other FCC-licensed wireless communication providers in covering this portion of Wayland.

87. As a result, AT&T Wireless has suffered and continues to suffer irreparable harm by being denied, and delayed in obtaining, the opportunity to install and operate its facility and to provide essential, seamless, federally licensed wireless coverage in Wayland.

88. By denying AT&T Wireless the right to install and operate its facility on Eastern's proposed multiple-carrier tower for the essential telecommunications equipment of AT&T Wireless and other FCC-licensed carriers at the Site, the Board has effectively prohibited wireless communication services in this portion of Wayland.

89. As a result, AT&T Wireless and Eastern have suffered and continue to suffer irreparable harm by being denied and delayed the opportunity to install an appropriate facility to provide the essential services of several federally licensed carriers in Wayland.

### COUNT I
### (Telecommunications Act of 1996 - Effective Prohibition)

90. The Plaintiffs repeat and reallege the allegations of paragraphs 1-89, above.

91. The Telecommunications Act provides in relevant part that "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof – (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i).

92. Because of the narrow WCSD in which wireless facilities are permitted, a use variance and other relief is necessary to cover the Coverage Gap.

93. On July 15, 2004, members of the Board acknowledged that the WCSD, as written, would effectively prohibit wireless service, given its location.

94. Given the Bylaw's restrictive geographical prohibitions, and the Town's treatment of wireless applications now and in the past, the Board's denial of the Plaintiffs' applications "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services," in those areas of the Town that cannot receive wireless communication coverage if the proposed facility is not constructed, in violation of Section 332(c)(7)(B)(i)(II) of the Act.

95. The Bylaw on its face and as applied by the Board's denial of the Plaintiffs' application "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services," in those areas of the Town that cannot receive wireless communication coverage if the proposed facility is not constructed, in violation of Section 332(c)(7)(B)(i)(II) of the Act.

96. Moreover, the Board's decision evidences, implements and shares the Town's longstanding anti-tower animus, dating from at least 1998 as alleged above. Given that animus, which has been applied to installations on electric transmission towers as well as new and well-disguised flagpole-style monopoles, further applications would be futile.

97. The Court should declare that the Board's Decision and the Bylaw as applied by the Board's Decision violate the prohibition of § 332(c)(7)(B)(i) on their face and as applied.

## COUNT II
## (Telecommunications Act of 1996 - No Substantial Evidence for Denial)

98. The Plaintiffs repeat and reallege the allegations of paragraphs 1- 97, above.

99. The Telecommunications Act provides that "Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be . . . supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii).

100. The Board's denial of the Plaintiffs' application is not supported by substantial evidence, in violation of this requirement.

101. Without limitation there was no substantial evidence for the majority's finding that there is no coverage gap in light of unrefuted testimony regarding significant areas within that gap (including within the areas north and south of Route 20) and the Town's own finding that ½ to 1-½ miles on Route 20 experience a gap. No substantial evidence supported the Board's findings regarding impact upon real estate values, which was based upon generalized testimony regarding presumed characteristics of wireless facilities generally (and even the fear regarding health effects of radio frequency emissions), rather than substantial evidence regarding this particular proposed tower at this Site. The Board rejected the Plaintiffs' expert testimony regarding the safety features of the proposed tower based upon lay testimony regarding irrelevant matters within the jurisdiction of the building code, rather upon than substantial evidence on matters within the scope of the zoning laws. The Board's findings regarding alternatives were

not based upon substantial evidence refuting AT&T Wireless' analysis, but upon Sprint's request for a continuance. Moreover, the Board ignored unrebutted testimony of the Plaintiffs' experts on questions requiring expertise, and relied upon numerous lay people, including long-time opponents to all wireless facilities in the Town.

## COUNT III
### (Chapter 40A, Section 17)

102.  The Plaintiff repeats and realleges the allegations of paragraphs 1-101, above.

103.  The Board's denial of Plaintiffs' application was arbitrary and capricious, exceeds the Board's authority under Massachusetts General Laws Chapter 40A, and is based on errors of law.

## COUNT IV
### (Declaratory Judgment)

104.  The Plaintiffs repeat and reallege the allegations of paragraphs 1-103, above.

105.  There is an actual controversy between the parties whether the Bylaw may be construed as the Board has construed it, whether the proposed facility satisfies the standards for approval, whether the Bylaw's WCSD violates the TCA by being too restrictive to permit coverage of the area, whether the Board's application of the use variance criteria can be squared with the TCA and whether the Plaintiffs' application could lawfully be denied.

106.  Resolution of this controversy between the parties by the Court will have a real and concrete impact upon the delivery of wireless communications services in the Town of Wayland.

107.  The Plaintiffs' contentions on these points are correct.

WHEREFORE, the Plaintiffs request that this Court enter judgment:

1. Declaring that the Board's Decision and the Bylaw on its face and as applied by the Board's Decision violate the Act and the Zoning Act;

2. Granting temporary, preliminary, and permanent injunctive relief ordering that the Plaintiffs be permitted immediately to install their facilities in accordance with its application and plans therefor;

3. Annulling the portion of the Board's Decision denying the Plaintiffs' applications;

4. Ordering the Board to issue all zoning relief necessary for the proposed facility;

5. Awarding the Plaintiffs reasonable attorneys' fees and costs; and

6. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

                           AT&T Wireless and Eastern Towers,
                           By their attorneys,

                           */s/ signature*

                           Stephen D. Anderson, BBO # 018700
                           Douglas H. Wilkins, BBO # 528000
                           Brian S. Grossman, BBO # 641159
                           ANDERSON & KREIGER LLP
                           43 Thorndike Street
                           Cambridge, MA 02141
                           (617) 252-6575

Dated: August 18, 2004

att\Waylandeasternlit/p/complaint1A.wpd

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AT&T WIRELESS SERVICES OF MASSACHUSETTS, INC., d/b/a AT&T WIRELESS and EASTERN TOWERS, LLC

(b) County of Residence of First Listed Plaintiff: Out of State
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
SEE ATTACHED LIST

County of Residence of First Listed: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen D. Anderson, BBO# 018700
Douglas H. Wilkins, BBO# 528000
Anderson & Kreiger, LLP, 43 Thorndike Street, Cambridge, MA
(617) 252-6575

Attorneys (If Known): 04-11807 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendants violated the Federal Telecommunications Act of 1996, 47 U.S.C. §151 et seq. by prohibiting a wireless communications facility through decision of the Zoning Board of Appeals and through its Zoning Bylaw.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☐ Yes ☐ No
CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 8/19/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

LIST OF DEFENDANTS:

TOWN OF WAYLAND, MASSACHUSETTS
BOARD OF APPEALS of the TOWN OF WAYLAND
And JAMES E. GRUMBACH
ERIC B. GOLDBERG
STEVEN FUGARAZZO
LAWRENCE K. GLICK
SUSAN KOFFMAN
SHAUNT SORIAN
ADIA GENNIS
LINDA SEGAL, as they are members and alternate members of the Board