UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11807-MLW

AT&T WIRELESS SERVICES OF
MASSACHUSETTS, INC., d/b/a AT&T WIRELESS,
and EASTERN TOWERS, LLC,

    Plaintiffs

v.

TOWN OF WAYLAND, MASSACHUSETTS,
BOARD OF APPEALS OF THE TOWN OF
WAYLAND and JAMES E. GRUMBACH, ERIC B.
GOLDBERG, STEVEN FUGARAZZO, LAWRENCE
K. GLICK, SUSAN KOFFMAN, SHAUNT SORIAN,
ADIA GENNIS, LINDA SEGAL, as they are members
and alternate members of the Board,

    Defendants

ANSWER

1.    The first sentence of the Complaint contains conclusions of law for which no answer is required. The second sentence is admitted.

2.    Paragraph 2 of the Complaint contains conclusions of law for which no answer is required.

3.    Paragraph 3 of the Complaint contains conclusions of law for which no answer is required.

4.    Paragraph 4 of the Complaint contains conclusions of law for which no answer is required.

5.    Paragraph 5 of the Complaint contains conclusions of law for which no answer is required.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted as to the first and second sentences of paragraph 14 of the Complaint. Regarding the third sentence, defendants state that the decision speaks for itself; the remainder of the allegations contains conclusions of law for which no answer is required.

15. Admitted as to the first and second sentences of paragraph 15 of the Complaint. Regarding the third sentence, defendants state that the decision speaks for itself; the remainder of the allegations contains conclusions of law for which no answer is required.

16. Admitted as to the first and second sentences of paragraph 16 of the Complaint. Regarding the third sentence, defendants state that the decision speaks for itself; the remainder of the allegations contains conclusions of law for which no answer is required.

17. Admitted as to the first and second sentences of paragraph 17 of the Complaint. Regarding the third sentence, defendants state that the decision speaks for itself; the remainder of the allegations contains conclusions of law for which no answer is required.

18. Regarding paragraph 18 of the Complaint, defendants state that the decision speaks for itself.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains conclusions of law for which no answer is required.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Regarding paragraph 29 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself.

30. Regarding paragraph 30 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself.

31. Regarding the first and third sentences of paragraph 31 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself. Regarding the second sentence, defendants admit that the Bylaw was enacted, as amended, in the years stated, but deny that such amendments were "prejudicial." Regarding the third sentence, defendants admit that the plaintiff AT&T Wireless Services has a facility at the Sudbury Landfill.

32. Regarding paragraph 32 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself.

33. Regarding the first and third sentences of paragraph 33 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself. The second sentence of paragraph 33 contains conclusions of law for which no answer is required.

34. Regarding paragraph 34 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the first sentence of paragraph 36. Defendants admit the second sentence.

37. Regarding the first sentence of paragraph 37 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself. Regarding the second, third and fourth sentences, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that defendants deny the characterization "mired" in the fourth sentence.

38. Regarding the first sentence of paragraph 38, defendants state that the record of the Board's proceedings speaks for itself. Defendants state that the second sentence contains conclusions of law for which no answer is required. Regarding the third sentence,

defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth herein.

39. Regarding the first sentence of paragraph 39 of the Complaint, defendants state that the Bylaw in its entirety speaks for itself. Regarding the second sentence, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth herein.

40. Regarding the first sentence of paragraph 40 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself. Defendants state that the second sentence contains conclusions of law for which no answer is required.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Admitted.

47. Denied.

48. Regarding the first sentence of paragraph 48 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. Regarding the second sentence, defendants admit that Ms. Patton appeared before the Board in opposition and further answering state that the record of the Board's proceedings and the decision speak for themselves.

49. Regarding the allegations in paragraph 49 of the Complaint, Defendants deny that they have taken any action as an "opposition" to the proposed facility; and further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of "Ms. Patton and others."

50. Regarding the first sentence of paragraph 50 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. Regarding the second sentence, defendants state that the document speaks for itself.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Regarding the allegations in paragraph 52 of the Complaint, Defendants admit that a letter was sent; and further answering state that the letter speaks for itself and deny the characterization in the second sentence. And further answering, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 52.

53. The first sentence of paragraph 53 of the Complaint contains conclusions of law for which no answer is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 53.

54. Regarding the first sentence of paragraph 54 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. Defendants admit the second sentence.

55. The first sentence of paragraph 55 of the Complaint contains conclusions of law for which no answer is required, except that the Defendants deny that the Town has an "anti-

6

wireless animus." And further answering, Defendants say that the decision in <u>Nextel Communications of the Mid-Atlantic, Inc.</u> v. <u>Town of Wayland</u>, 231 F.Supp. 396, 406-407 (D. Mass. 2002) speaks for itself. Regarding the second sentence, Defendants state that Mr. Maxson appeared on behalf of the Town in the referred-to litigation and was an independent consultant to the Board in the application at issue.

56. Regarding paragraph 56 of the Complaint, defendants state that the plans speak for themselves.

57. Regarding paragraph 57 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint, except that Defendants have no knowledge regarding whether the proposed use requires customers on the premises.

64. Denied.

65. Admitted.

66. Defendants admit that an application was submitted as described in paragraph 66 of the Complaint; and further answering, defendants state that the application speaks for itself.

67. Defendants admit that the memorandum was submitted as described in paragraph 67 of the Complaint; and further answering defendants deny that the memorandum documented compliance as plaintiffs allege.

68. Denied.

69. Admitted.

70. Regarding the first and second sentences of paragraph 70 of the Complaint, defendants deny the allegations set forth therein. The third sentence of paragraph 70 contains conclusions of law for which no answer is required

71. Regarding paragraph 71 of the Complaint, defendants state that the Board's decision speaks for itself.

72. Denied.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint; and further answering Defendants say that the record of the Board's proceedings speaks for itself.

74. Regarding the allegations in paragraph 74 of the Complaint, defendants state that the Board's decision speaks for itself.

75. Regarding the allegations in paragraph 75 of the Complaint, defendants state that the Board's decision speaks for itself.

76. Regarding the first sentence of paragraph 76 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself. Defendants deny the allegations set forth in the second sentence.

77. Regarding paragraph 77 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself; and further answering, defendants state that Mr. Maxson's

conclusions have been accepted in other court decisions and deny the allegations that Mr. Maxson relied upon improper criteria.

78. Regarding paragraph 78 of the Complaint, defendants state that the record of the Board's proceedings speaks for itself.

79. Denied.

80. Defendants deny the first sentence of paragraph 80 of the Complaint. Regarding the second sentence, defendants state that they have no knowledge as to what the plaintiffs mean by the use of the term "near" and thus cannot admit or deny the allegations set forth therein; and further answering, defendants state that the remainder of the sentence contains conclusions of law for which no answer is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence. Regarding the fourth sentence, defendants state that the referred-to court decision speaks for itself.

81. Regarding paragraph 81 of the Complaint, Defendants state that the record of the Board's proceedings and decision speak for themselves.

82. Regarding paragraph 82 of the Complaint, Defendants state that the record of the Board's proceedings and decision speak for themselves.

83. Regarding the first sentence of paragraph 83 of the Complaint, Defendants state that the record of the Board's proceedings and decision speak for themselves. Defendants deny the allegations in the second and fourth sentences. Defendants state that the third sentence contains conclusions of law for which no answer is required.

84. Denied.

85. Paragraph 85 of the Complaint contains conclusions of law for which no answer is required.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## COUNT I
(Telecommunications Act of 1996 – Effective Prohibition)

90. Defendants incorporate their answers set forth in paragraphs 1 – 89 as if set forth fully herein.

91. The Telecommunications Act, in its entirety, speaks for itself.

92. Paragraph 92 of the Complaint contains conclusions of law for which no answer is required.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT II
(Telecommunications Act of 1996 – No Substantial Evidence for Denial)

98. Defendants incorporate their answers set forth in paragraphs 1- 97 as if set forth fully herein.

99. The Telecommunications Act, in its entirety, speaks for itself.

100. Denied.

101. Denied.

## COUNT III
(Chapter 40, Section 17)

102. Defendants incorporate their answers set forth in paragraphs 1- 101 as if set forth fully herein.

103. Denied.

## COUNT IV
(Declaratory Judgment)

104. Defendants incorporate their answers set forth in paragraphs 1 – 103 as if set forth fully herein.

105. Paragraph 105 of the Complaint contains conclusions of law for which no answer is required.

106. Denied.

107. Denied.

## FIRST DEFENSE

The Complaint should be dismissed with regard to plaintiff Eastern Towers, LLC for failure to state claim upon which relief may be granted in that Eastern Towers, LLC. lacks standing to assert a claim under the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7)(B)(i).

## SECOND DEFENSE

Count III of the Complaint (G.L. c. 40A, §17) should be dismissed for lack of subject matter jurisdiction and because a duplicative count has been filed in a separate action filed in Massachusetts State Court, <u>AT&T Wireless Services of Massachusetts, Inc., et al.</u> v. <u>Town of Wayland, et al.</u>, Middlesex Superior Court, C.A. No. 04-3262.

<u>THIRD DEFENSE</u>

Count IV of the Complaint (declaratory judgment) should be dismissed for failure to state a claim upon which relief may be granted and because a duplicative count has been filed in a separate action filed in Massachusetts State Court, <u>AT&T Wireless Services of Massachusetts, Inc., et al.</u> v. <u>Town of Wayland, et al.</u>, Middlesex Superior Court, C.A. No 04-3262.

<u>FOURTH DEFENSE</u>

At all times relevant hereto, the defendants acted within their lawful authority and discretion.

> DEFENDANTS
> TOWN OF WAYLAND, MASSACHUSETTS,
> ET AL.
>
> By their attorneys,
>
> /s/ Joel B. Bard
> Joel B. Bard (BBO# 029140)
> Patricia A. Cantor (BBO# 072380)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

230456/WAYL/0083