UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.   04-11807 MLW

|  |  |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC and EASTERN TOWERS, LLC,<br>                                Plaintiffs,<br>v.<br>TOWN OF WAYLAND, MASSACHUSETTS, BOARD OF APPEALS of the TOWN OF WAYLAND and JAMES E. GRUMBACH, ERIC B. GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, ADIA GENNIS, LINDA SEGAL, as they are members and alternate members of the Board,<br>                                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## JOINT SCHEDULING CONFERENCE STATEMENT

Pursuant to the Court's Notice of Scheduling Conference dated January 10, 2005, and pursuant to Local Rule 16.1(D), all parties submit the following joint statement:

**I.    STATEMENT OF THE PLAINTIFFS' CLAIM**

Plaintiffs, AT&T Wireless PCS, LLC ("AT&T Wireless") and Eastern Towers, LLC ("Eastern") appeal under both federal and state law from the denial by the Wayland Zoning Board of Appeals ("Board") of their joint application for zoning permission to install and operate a flagpole-style wireless communications tower and facility at 137 Boston Post Road (Route 20), Wayland, Massachusetts.  The Board's Decision was filed with the Wayland Town Clerk on July 30, 2004.  Eastern and AT&T Wireless allege that the denial violates Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the Telecommunications Act"), codified at Section 332(c)(7) of the Communications Act of 1934, 47 U.S.C. §§ 151-691, and the Massachusetts Zoning Act, M.G.L. c. 40A, § 17.  The complaint also seeks a declaration

partially invalidating the Section 198- 302.1.8 of the Wayland Zoning Bylaw ")(and the zoning map incorporated therein) ("Bylaw"), which defines a Wireless Communications Services Facility Overlay District ("WCSD), to the extent that the WCSD prohibits personal wireless communications uses in a portion of the Town.   The plaintiffs seek relief pursuant to Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the Telecommunications Act"), codified at Section 332(c)(7) of the Communications Act of 1934, 47 U.S.C. §§ 151-691, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Massachusetts Zoning Act, M.G.L. c. 40A, § 17.

The Defendants oppose these contentions and contend that the special permit and variance decision is within their lawful regulatory authority.  The Defendants contend that the Court lacks jurisdiction over the state law claim, G.L. c.40A, §17.

## II.   AGENDA

At the scheduling conference, the parties believe the following matters should be addressed:

### A.   Settlement Possibilities

AT&T has made a written settlement proposal to the Defendants orally and, later, by letter dated January 12, 2005.  The defendants intend to respond to the offer at or before the scheduling conference.

### B.   Principal Issues in Contention

The principal issues in contention are the following:

1. Whether the Board's denial of Eastern's and AT&T Wireless' application for a special permit, variances and other relief at the 137 Boston Post Road Site "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services," in violation of § 332(c)(7)(B)(i)(II) of the Telecommunications Act.

2. Whether the Wireless Communications Overlay District) provisions of the By-Law (and the zoning map incorporated therein), are invalid in part, because they prohibit personal wireless communications uses in a large portion of the Town, where a facility must be located to provide coverage.

3. Whether the Board's denial of Eastern's and AT&T Wireless' application is supported by substantial evidence, as required by § 332(c)(7)(B)(iii) of the Telecommunications Act.

4. Whether the Board exceeded its authority under G.L. c. 40A in finding that the criteria for a variance and special permit were not met in this case.

C. **Proposed Pretrial Schedule and Plan for Discovery**

### JOINT DISCOVERY PLAN

**Plaintiffs' Discovery**

One of the lead claims in this case is effective prohibition under § 332(c)(7)(B)(i)(II) of the Telecommunications Act. Such claims are *not* decided upon mere record review, but are entitled to *de novo* review on the facts presented to this Court. See *National Tower, LLC v. Plainville Zoning Board of Appeals*, 297 F.3d 14, 24 (1st Cir. 2002)("On the 'effective prohibition' issue, district courts may take evidence beyond the record"); *Town of Amherst, New Hampshire v. Omnipoint Communications Enterprises, Inc.*, 173 F.3d 9, 16 & n. 7 (1st Cir. 1999)("whether the town has . . . created a general ban involves federal limitations on state authority, presenting issues that the district court would resolve *de novo* and for which outside evidence may be essential."). See generally *Second Generation Properties, L.P. v. Town of Pelham*, 313 F.3d 620, 629 (1st Cir. 2002). The plaintiffs therefore oppose the Town's suggestion (below) that discovery should not occur pursuant to a schedule at this time.

(a) Discovery Pleadings

| EVENT | DISCOVERY ADDRESSED TO | DATE SERVED OR TO BE SERVED | RESPONSE DUE |
|---|---|---|---|
| 1st Interrogatories | Defendants | February 15, 2005 | March 18, 2005 |
| 1st Document Request | Defendants | February 15, 2005 | March 18, 2005 |
| 1st Request to Admit | Defendants | May 20, 2005 | June 20, 2005 |

(b) Depositions

The Plaintiff may take the following depositions after receiving the Defendants' discovery responses and before serving Requests for Admission:

3

>Jeffrey Ritter, Town Administrator, Town of Wayland
>
>Rule 30(b)(6) deposition of the Board and of the Town
>
>Persons presently unknown who may be identified in interrogatories or otherwise as having knowledge about enactment of the challenged Bylaw provisions
>
>Town Planner or official performing that Function
>Town Hall
>Wayland, MA
>
>Building Inspector
>Town Hall
>Wayland, MA
>
>Keeper of the Records
>Town Hall
>Wayland, MA

(c)  <u>Plaintiffs' Experts</u>

At the present time, AT&T Wireless Services anticipates presenting expert testimony from the following witnesses:

>Tim Wysocki RF Engineer -or- Scott Pollister
>New Cingular Wireless PCS, LLC
>
>Stan Sherman
>SRS Engineering Applications Inc
>30 Twin Ponds Drive,
>South Dartmouth, MA 02748
>
>Nate Godfrey and/or George Valentine
>Newport Appraisal Group
>790 Aquidneck Avenue
>Middletown RI 02842

(d)  <u>Depositions of Defendants' Experts</u>

AT&T anticipates deposing any experts put forward by the Defendants.

**Plaintiff's Proposed Pretrial Schedule:**

| EVENT | DEADLINE |
|---|---|

4

| Defendants file the certified record | March 11, 2005 |
| --- | --- |
| Non-Expert Discovery Deadline | May 31, 2005 |
| Plaintiffs' Expert Report | June 30, 2005 |
| Defendants' Expert Report | August 1, 2005 |
| Expert Deposition Deadline | September 15, 2005 |
| Dispositive Motions Filed | September 30, 2005 |
| Oppositions to Dispositive Motions | October 24, 2005 |
| Argument on Dispositive Motions | November 1, 2005, or as soon thereafter as the Court's schedule allows |
| Pretrial Conference | December 20, 2005, or as soon thereafter as the Court's schedule allows |
| Trial | January 17, 2006 |

### Defendants' Discovery

(a)   Discovery Pleadings

The Defendants contend that since this appeal arises under the TCA and under the TCA, 47 U.S.C. §332(c)(7)(B)(i), review of the decision denying zoning relief is based upon the record of proceedings before the Town of Wayland Board of Appeals, establishing a discovery plan in this case at this stage of the proceedings is inappropriate. Judicial review of local zoning decisions under the TCA is typically conducted through cross-motions for summary judgment, with the record consisting of the proceedings before the local zoning authority as supplemented by affidavits regarding any claim under the TCA that the decision prohibits the provision of personal wireless services or otherwise violates the TCA. See for example, Nextel Communications of the Mid-Atlantic, Inc. v. City of Cambridge, 246 F.Supp.2d 118 (D.Mass.2003). Under the TCA, the burden of proving whether the permit denial effectively prohibits the provision of personal wireless services is on the Plaintiffs and the Defendants have no obligation to introduce any evidence regarding whether alternative sites are or are not available for AT&T's proposed tower. Second Generation Properties, L.P. v. Town of Pelham, 313 F.3d 620, 630, n.8. Subjecting the Defendants, a small municipality with limited resources, to discovery, particularly depositions, in this case would be unduly burdensome and unreasonable. Defendants are prepared to work with the Plaintiff to agree on the contents of the record of proceedings. Defendants do not object to the proposed schedule for dispositive motions suggested by the Plaintiffs, above.

| EVENT | DISCOVERY ADDRESSED TO | DATE SERVED OR TO BE SERVED | RESPONSE DUE |
| --- | --- | --- | --- |

| EVENT | DISCOVERY ADDRESSED TO | DATE SERVED OR TO BE SERVED | RESPONSE DUE |
|---|---|---|---|
| 1st Interrogatories | Plaintiff | To be determined in the event that the case is not fully disposed of on the record of proceedings and a motion for summary judgment | |
| 1st Document Request | Plaintiff | To be determined in the event that the case is not fully disposed of on the record of proceedings and a motion for summary judgment | |
| 1st Request to Admit | Plaintiff | To be determined in the event that the case is not fully disposed of on the record of proceedings and a motion for summary judgment | |

(b) <u>Defendants' Experts</u>

At the present time, the Defendants anticipate presenting expert testimony from the following witnesses:

To be determined.

(c) <u>Deposition of Plaintiffs' Experts</u>

Defendants anticipate deposing Plaintiff's experts, in the event that the case is not fully disposed of on the record of proceedings and a motion for summary judgment.

### III.   **ALTERNATIVE DISPUTE RESOLUTION**

A.   **Plaintiff's Position**

The Plaintiff has considered various alternative dispute resolution procedures and sets forth its position as follows:

| PROCEDURE | PLAINTIFF'S POSITION |
|---|---|
| Mediation | Yes |
| Mini-Trial | No |
| Summary Jury Trial | No |

6

| | |
|---|---|
| Trial by Magistrate | No |

**B.   Defendants' Position**

The Defendants have considered various alternative dispute resolution procedures and set forth their position as follows:

| PROCEDURE | DEFENDANTS' POSITION |
|---|---|
| Mediation | Yes |
| Mini-Trial | No |
| Summary Jury Trial | No [the case is not a jury case] |
| Trial by Magistrate | Defendants will report to the court whether they will agree to a trial by magistrate. |

## V.   CONTEMPLATED MOTIONS

### A.   Plaintiff's Contemplated Motions

The plaintiff anticipates filing the following motions:

1) Motion to Amend Complaint if necessary;

2) Summary Judgment Motion or Motion for Preliminary Injunction;

3) Discovery Motions as Necessary, including motion for protective order;

4) Motion for a View;

5) Motion in Limine.

### B.   Defendants' Contemplated Motions

The defendants anticipate filing the following motions:

1) Motion to Amend Answer if necessary;

7

2) Summary Judgment Motion or Motion for Judgment on the Pleadings;

3) Discovery Motions as Necessary, including motion for protective order;

4) Motion in Limine.

## VI. PLAINTIFF'S CERTIFICATIONS

Signature below by counsel indicates that counsel has informed his client (by email) as follows:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

## VII. DEFENDANTS' CERTIFICATIONS

Defendants' counsel has conferred with defendants regarding alternative dispute resolution and a budget for the litigation and will file their certifications under separate cover at or before the Scheduling Conference.

THE PLAINTIFF,
By its Attorney,

_/s/_

Stephen D. Anderson, BBO #018700
Douglas H. Wilkins, BBO #528000
Anderson & Kreiger LLP
43 Thorndike Street
Cambridge MA 02141
617-252-6575

THE DEFENDANTS,
By their Attorneys,

_Patricia Cantor / per email_
_/s/_

Joel B. Bard, BBO#029140
Patricia A. Cantor, BBO#072380
Kopelman & Paige LLC
31 St. James Avenue, 7th Floor
Boston MA 02116-4102

Dated: January 19, 2005

CERTIFICATE OF SERVICE

8

## CERTIFICATION

I certify that New Cingular Wireless' counsel has informed me as follows:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

For the Plaintiff:

*[signature]*
Catherine Blue, Esq.
New Cingular Wireless Services
15 East Midland Avenue
Paramus, New Jersey 07652-2936

COPY

Dated:   January 17, 2005

9

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing on the defendants by mailing copies first-class mail, postage prepaid, to their counsel of record listed below on this 17th day of January, 2005.

Patricia A. Cantor, BBO#072380
Kopelman & Paige LLC
31 St. James Avenue, 7th Floor
Boston MA 02116-410

                                              Douglas H. Wilkins

att\WaylandJacklit\p\jointstatement.wpd

9