UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.  04-11807 MLW

_____
                                    )
AT&T WIRELESS SERVICES OF MASSACHUSETTS,  )
INC., d/b/a AT&T WIRELESS           )
and EASTERN TOWERS, LLC,            )
                        Plaintiffs, )
                                    )
    v.                              )
                                    )
TOWN OF WAYLAND, MASSACHUSETTS,     )
BOARD OF APPEALS of the TOWN OF     )
WAYLAND and JAMES E. GRUMBACH, ERIC B. )
GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. )
GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, )
ADIA GENNIS, LINDA SEGAL, as they are members )
and alternate members of the Board, )
                        Defendants. )
_____ )

## AFFIDAVIT OF CHRISTOPHER DWIGHT AND CHRIS P. HESSE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Christopher Dwight, on oath depose and say as follows:

1. I am employed by Tower Resource Management, Inc., 30 Lyman Street, Suite 12, Westborough MA 01581 ("TRM").  Prior to the acquisition of AT&T Wireless PCS LLC ("AT&T Wireless") by Cingular Wireless PCS ("Cingular"), I was among those TRM employees retained by AT&T Wireless to provide services in obtaining approvals, leases, and licenses as well as performing other site acquisition and development tasks involved in building and installing wireless communication facilities.  I have performed such services in connection with AT&T Wireless' proposed wireless communications facility at the two sites in Wayland identified in the next paragraphs of this affidavit.

2. This Affidavit is submitted in support of the proposal by AT&T Wireless to install a wireless communications facility on and next to a three-carrier 120' flagpole-style monopole with internally mounted wireless communications antennas and associated equipment cabinets (the "Facility"), on either the property located at 137 Boston Post Road, and identified on the Town of Wayland Assessors Map 29, Parcel 41, owned by Stephen S. Keneally, (the

"Eastern Site") or the property located at 135 Boston Post Road, Wayland, Massachusetts, and identified on the Town of Wayland Assessors Map 29, Parcel 40, owned by Matthew Winterman, Trustee of the Baldwin-Rogers Realty Trust. (the "Sprint Site").

3. AT&T Wireless is licensed by the Federal Communications Commission to provide wireless phone service in areas across the country, including the Boston Metropolitan Trading Area ("MTA"). The Town of Wayland is located within the Boston MTA and therefore AT&T Wireless is licensed to provide wireless phone service within the Town of Wayland and surrounding communities.

4. Based on the RF Specialist's tests and surveys, AT&T Wireless has determined that its network requires a base station facility to be placed in Wayland, proximate to Route 20 (Boston Post Road) to connect to its existing site in Sudbury and its RFP-awarded site in Weston, also along Boston Post Road.

5. To find appropriate locations within this Search Area, AT&T Wireless hired TRM to review potential locations and to assess their viability from a variety of perspectives ("Viability Analysis").

6. In my opinion, unlike other parcels of land in this area of Wayland, the Eastern Site and the Sprint Site are owned by parties who have demonstrated a willingness to lease the land for wireless communication purposes, are situated in a strategic area to address AT&T Wireless' significant coverage gap along Route 20, and have unique characteristics that make them suitable for the development of a cell site.

7. In addition to the Eastern Site and the Sprint Site, I and other Site Acquisition Specialists at TRM, as well representatives of Eastern Towers, and Chris P.Hesse, formerly Managing Member of US Tower Group, LLC, with whom I have worked (and with whose work I am familiar) reviewed a variety of additional parcels in the area for the potential development of the Facility. I have attached a spreadsheet with information, prepared by Chris P. Hesse on approximately 56 separate parcels that were investigated. Based on this review, I concluded that these sites were either unavailable (due to lack of landowner interest at the time or an inability to reach a mutually acceptable agreement with the property owner) and/or not viable for the development of the Facility. By and large these sites are outside the Wireless Communications Services District of the Town of Wayland. Although some of the parcels listed below are included in the attached spreadsheet, I have listed some of particular note below, along with the conclusion reached as a result of the above review:

**Mahoney's Garden Center, 115 Boston Post Road.** A mutually acceptable agreement with the property owner for the installation of the Facility could not be reached.

**Lee's Farm, 134 Boston Post Road** (across the street from the Site). The property owner was not interested in leasing space for the installation of the Facility.

**Luigi's Restaurant, 131 Boston Post Road (adjacent to the Site to the east).** The property owner was not interested in leasing space for the installation of the Facility.

**Shell Oil, 78 Boston Post Road.** The property owner was not interested in leasing space for the installation of the Facility.

**Gardencrest Apartments, 73 Plain Road.** The property owner was not interested in leasing space for the installation of the Facility.

**26 Old Connecticut Path East.** The property owner was not interested in leasing space for the installation of the Facility.

**43 Old Connecticut Path East.** The property owner was not interested in leasing space for the installation of the Facility.

**Property of Mainstone Realty Trust, Mark IV Investment Partnership, Devens H. & James M. Hamlen Trust.** Upon information and belief, the Trusts, Partnership, and/or related individuals own over 325 acres of property in the eastern part of Wayland, including properties on Rice Road, Old Connecticut Path East, and Boston Post Road, and Devens S. Hamlen is either a Trustee or authorized representative of these entities. Mr. Hamlen informed Chris Hesse that the properties under the control of these entities are not available for the installation of the Facility.

**Municipal Real Estate (located within the Wireless Communication Services District).** The Wireless Communication Services District was evaluated by AT&T Wireless' RF Specialists who determined that the installation of the Facility at this site would not meet the RF coverage objective for this Search Area due to the close proximity to an existing AT&T Wireless facility at the Sudbury Landfill. *See* the Radio Frequency Coverage Report of AT&T Wireless Senior RF Engineer Tim Wysocki.

It is my opinion as a Site Acquisition Specialist, that the Eastern Site and the Sprint Site are suitable and commercially available for the development of the proposed Facility in this area of Wayland.

Signed under penalties of perjury this 20 day of January, 2005.

_____
Christopher Dwight

COMMONWEALTH OF MASSACHUSETTS
County of Middlesex

Subscribed and sworn to before me by <u>CHRISTOPHER</u> this <u>20TH</u> day of <u>JANUARY</u>, 200<s>4</s>5             <u>DWIGHT</u>

<u>Brian S. Grossman</u> Notary Public
My commission expires: <u>APRIL 5, 2007</u>

I, Chris P. Hesse, being duly sworn, state:

I have read the foregoing and hereby state that the observations attributed to me are true, and that the attached spreadsheet was provided by me and accurately reflects the properties I investigated as potential lease sites, as well as certain information I obtained about those sites.

Signed under penalties of perjury this 10th day of December, 2004.

_____
Chris P. Hesse

att\waylar;deastern\l\SiteAcqAffidavit001.DOC



DENISE DUSSAULT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 9, 2009