UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
2004-cv-11807-MLW

NEW CINGULAR WIRELESS, PCS, LLC and EASTERN TOWERS, LLC,
Plaintiffs,

v.

TOWN OF WAYLAND, MASSACHUSETTS,
BOARD OF APPEALS of the TOWN OF WAYLAND and
JAMES E. GRUMBACH, ERIC B. GOLDBERG, STEVEN FUGARAZZO, LAWRENCE
K. GLICK, SUSAN KOFFMAN, SHAUNT H. SARIAN,
ADIA GENNIS, LINDA SEGAL,
as they are members and alternate members of the Board,
Defendants.

NOTICE OF INTEREST
AND DEMAND TO BE JOINED AS PARTIES-DEFENDANT

This notice and demand is brought to this court by Stewart J. Smith and Kimberley Hill Woods, immediate abutters to the property involved in this action. Zoning variance matters, as here, typically involve three groups: (1) the applicants for zoning relief; (2) the members of the municipal board empowered to grant or deny such relief; and (3) parties with interests, such as abutters, that will be affected by the zoning relief requested by the applicant, should it be allowed. Here, New Cingular Wireless, PCS, LLC and Eastern Towers, LLC request that the Zoning Board of Appeals of the Town of Wayland, Massachusetts, be compelled by this court to grant them the extraordinary relief of zoning variances. In their pursuit of this extraordinary relief, applicants New Cingular Wireless, PCS, LLC and Eastern Towers, LLC totally ignore abutters and other parties in interest such as Stewart J. Smith and Kimberley Hill

Woods, who provide this notice and demand to this court. New Cingular Wireless, PCS, LLC and Eastern Towers, LLC obviously consider the interests of Stewart J. Smith and Kimberley Hill Woods and others similarly situated as inconveniences and complications to be avoided. This court must not do so. Smith and Woods say that this action may not proceed until they are joined as parties-defendant.[1] They also say that because New Cingular Wireless, PCS, LLC and Eastern Towers, LLC failed to join them as parties-defendant when they commenced this action and have also failed and neglected to explain why since,[2] this action should be dismissed forthwith. In any event Smith and Woods will not recognize any action taken by the plaintiffs, the defendants, or the court in this action unless they are actually parties to this action with a fair opportunity to be heard. For reasons set forth below, they reject the notion that they must "intervene" to protect their rights and interests.

In this action, plaintiffs New Cingular Wireless, PCS, LLC and Eastern Towers, LLC, seek, *inter alia*, to persuade this court to order the issuance of variances to them by the Wayland Zoning Board of Appeals.

---

[1] A person who is subject to service of process, whose joinder will not deprive the court of jurisdiction over the subject matter of the action **shall** be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. Fed. R. Civ. P. 19(a) [emphasis added].

[2] A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined. Fed. R. Civ. P. 19(c).

The plaintiffs did not join the persons listed below ("persons") as parties to this action, nor did it state the names of these persons who were not joined but should have been, nor did they state the reasons why such persons were not joined, all in violation of Fed. R. Civ. P. 19.

These persons are all "parties in interest" within the meaning of Massachusetts G.L. c. 40A, § 11, to any effort by the plaintiff to obtain the relief requested in its complaint, whether under The [Massachusetts] Zoning Act, [Massachusetts] G.L. c. 40A, §§ 1 et seq., or The Telecommunications Act of 1996, 47 U.S.C. § 332 (c)(7). In addition, each of these persons is an immediate abutter to the locus for which plaintiffs seek variances in this action. These persons were and are clearly known to the plaintiff as such parties in interest. Each of these persons claims an interest affecting his or her real property in the remedy sought by the plaintiffs in this action, as was and is clearly known to the plaintiffs. Nevertheless, the plaintiffs failed or refused to name such persons as parties to this action, in violation of Fed. R. Civ. P 19(a). The plaintiffs also failed or refused to provide reasons why these persons were not joined as parties in this action, also in violation of Fed. R. Civ. P 19(c).

Therefore, pursuant to Fed. R. Civ. P. 19(a), such persons, by their attorney, demand that they be joined by the plaintiffs as parties defendant in this action, and that this court forthwith issue an order directing such joinder.

The joinder of such persons is feasible. Each of these persons is subject to service of process in this jurisdiction and such process will not defeat the jurisdiction of this court. In addition, each of these persons claims an interest relating to the subject of this action arising out of his or her status as a party in interest under The Zoning Act, out of

their legal, economic, quiet enjoyment, and other interests in their property, because they may be affected by a judgment the plaintiffs seek, and the interests to be protected by such status and interests. Further, each of these persons, had the Board of Appeals actually granted variances to the plaintiffs, as they seek here, would be presumed, as a matter of law, to be a party aggrieved by a decision granting such variances. The plaintiffs in this action seek a result contrary to provisions of The [Massachusetts] Zoning Act, G.L. c. 40A, §§ 1 ff. As a result, each of these persons is so situated that the disposition of this action in his or her absence may as a practical matter impair or impede his or her ability to protect his or her interest(s) in property and in the legitimate quiet and lawful enjoyment of that property.

In addition, the absence of these persons may leave those presently parties plaintiff and defendant to a substantial risk of incurring inconsistent obligations by reason of the interest claimed by these persons, *i.e.*, complete relief cannot be accorded to those already parties without the joinder of such persons.

See *Martin v. Wilks*, 490 U.S. 755 (1989) and *Provident Bank v. Patterson*, 390 U.S. 102 (1968).

The persons to be joined as defendants, as aforesaid, are:

Defendant Stewart J. Smith, who resides at 9 Pinebrook Road, Wayland, Middlesex County, Massachusetts.

Defendant Kimberly Hill Woods who owns the real property and resides at 9 Pinebrook Road, Wayland, Middlesex County, Massachusetts.

Please note that this is NOT an application for intervention (Fed. R. Civ. P. 24). It is a notice that Stewart J. Smith and Kimberly Hill Woods claim that they must be joined (Fed. R. Civ. P. 19) as parties to this action by the plaintiffs, and if not by the plaintiffs, then by the present defendants, and if not by the plaintiffs or the present defendants, then by this court.

### *Martin v. Wilks*

The defendants to be joined say that the United States Supreme Court decision in *Martin v. Wilks*, 490 U.S. 755, 761-762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), *rehearing denied*, 492 U.S. 932 (1989) is clearly controlling here although it has not yet been cited in any of the decisions of this court or the First Circuit in telecommunications cases.

They rely upon *Martin v. Wilks*, 490 U.S. 755, 761-762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), *rehearing denied*, 492 U.S. 932 (1989); *Baker v. General Motors Corp.*, U.S. 621 (1998); *Richards v. Jefferson County, Alabama*, 517 U.S. 793, 798 (1996); *Georgia v. South Carolina*, 497 U.S. 376 (1990); *Flight Attendants v. Zipes*, 491 U.S. 754 (1989); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968); *Hansberry v. Lee*, 311 U.S. 32, 40 (1940); *Steans v. Combined Insurance Company of America*, 148 F.3d 1266, 1271 (11th Cir. 1998); and *S.E.C. v. Seahawk Deep Ocean Technology, Inc.*, 74 F.Supp.2d 1188, 1191, 1194-1195 (M.D.Fla. 1999).

They say further that they must be named parties defendant by New Cingular Wireless, PCS, LLC and Eastern Towers, LLC if those plaintiffs intended to claim, as they apparently do, that a judgment in this action will somehow binding on non-parties to a case they brought. New Cingular Wireless, PCS, LLC and Eastern Towers, LLC deliberately chose not to name abutters here as parties defendant or to explain why they did not do so.

In the background of the situation that obtained in *Martin v. Wilks*, certain plaintiffs filed class-action complaints in a federal district court against a municipality and a county board ("the municipality"). The parties entered into consent decrees between them.

A non-party organization to the litigation appeared as *amicus curiae* and filed objections to the consent decrees.

The non-party organization and two of its members also moved to intervene on the ground that the decrees and decisions made pursuant to those decrees would adversely affect their rights. The District Court denied the motions as untimely and approved the consent decrees.

Seven members of the non-party organization then filed a complaint as individuals against the municipality and the municipal board seeking injunctive relief against enforcement of the consent decrees and the allegedly unlawful decisions made pursuant to them. The District Court also denied relief to those plaintiffs.

Both the denial of intervention and the denial of injunctive relief were affirmed on appeal by the Eleventh Circuit.

Later, other individuals, the Wilks plaintiffs[3] (respondents in the United States Supreme Court), brought suit against the municipality in the District Court. The municipality argued that the decisions challenged as unlawful were unassailable because they were made pursuant to the consent decrees.

Yet other individuals, the Martin defendants (petitioners in the United States Supreme Court), were allowed to intervene in their individual capacities to defend the consent decrees and the decisions.

The Martin defendant-intervenors moved to dismiss the Wilks' cases as impermissible collateral attacks on the consent decrees. After trial, the District Court granted the motion to dismiss.

On appeal, the Eleventh Circuit reversed. It held that, "[b]ecause . . . [the Wilks respondents] were neither parties nor privies to the consent decrees, their independent claims are not precluded."

The court explicitly rejected the doctrine of "impermissible collateral attack" espoused by the Martin defendants to immunize parties to a consent decree from claims by nonparties for actions taken pursuant to that consent decree. The 11th Circuit panel acknowledged that the Martin interest" must yield to the policy against requiring third parties (the Wilks' plaintiffs) to submit to bargains in which their interests were either ignored or sacrificed.

The United States Supreme Court affirmed the Court of Appeals, emphasizing: "We think this holding contravenes the general rule that a person cannot be deprived of his legal rights in a proceeding to which he is not a party."

---

[3] The Wilks' plaintiffs were also members of the plaintiff non-party organization in the earlier case.

The United States Supreme Court held as follows [emphasis added]:

(a) [O]NE IS NOT BOUND BY A JUDGMENT *IN PERSONAM* IN A LITIGATION IN WHICH HE IS NOT DESIGNATED AS A PARTY OR TO WHICH HE HAS NOT BEEN MADE A PARTY BY SERVICE OF PROCESS. HANSBERRY V. LEE, 311 U.S. 32, 40. [Syllabus].

All agree that "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). See, e. g., *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 , n. 7 (1979); *Blonder-Tongue Laboratories, Inc. v. University Foundation*, 402 U.S. 313, 328 -329 (1971); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). This rule is part of our "deep-rooted historic tradition that everyone should have his own day in court." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 4449, p. 417 (1981) (hereafter 18 Wright). A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.

(b) ... A PARTY SEEKING A JUDGMENT BINDING ON ANOTHER CANNOT OBLIGATE THAT PERSON TO INTERVENE; HE MUST BE JOINED. ... JOINDER AS A PARTY, RATHER THAN KNOWLEDGE OF A LAWSUIT AND AN OPPORTUNITY TO INTERVENE, IS THE METHOD BY WHICH POTENTIAL PARTIES ARE SUBJECTED TO THE JURISDICTION OF THE COURT AND BOUND BY A JUDGMENT OR DECREE. THE LINCHPIN OF THE "IMPERMISSIBLE COLLATERAL ATTACK" DOCTRINE—THE ATTRIBUTION OF PRECLUSIVE EFFECT TO A FAILURE TO INTERVENE—IS INCONSISTENT WITH RULES 19 AND 24. [Syllabus].

Petitioners argue that, because respondents failed to timely intervene in the initial proceedings, their current challenge to actions taken under the consent decree constitutes an impermissible "collateral attack." They argue that respondents were aware that the underlying suit might affect them, and if they chose to pass up an opportunity to intervene, they should not be permitted to later litigate the issues in a new action. . . .

We begin with the words of Justice Brandeis in *Chase National Bank v. Norwalk*, 291 U.S. 431 (1934):

> The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger. . . . Unless duly summoned to appear in a legal proceeding, a person not a privy may rest

>assured that a judgment recovered therein will not affect his legal rights. *Id*. at 441. . . .

[A] party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined. See *Hazeltine, supra*, at 110 (judgment against Hazeltine vacated because it was not named as a party or served, even though as the parent corporation of one of the parties it clearly knew of the claim against it and had made a special appearance to contest jurisdiction). ...

[T]he drafters cast Rule 24, governing intervention, in permissive terms. See Fed. Rule Civ. Proc. 24(a) (intervention as of right) ("Upon timely application anyone shall be permitted to intervene"); Fed. Rule Civ. Proc. 24(b) (permissive intervention) ("Upon timely application anyone may be permitted to intervene"). They determined that the concern for finality and completeness of judgments would be "better [served] by mandatory joinder procedures." 18 Wright 4452, p. 453. Accordingly, Rule 19(a) provides for mandatory joinder in circumstances where a judgment rendered in the absence of a person may "leave . . . persons already parties subject to a substantial risk of incurring . . . inconsistent obligations. . . ."

**Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree**.

[The parties to a lawsuit] presumably know better than anyone else the nature and scope of relief sought in the action, and at whose expense such relief might be granted. It makes sense, therefore, to place on [the parties to a lawsuit] ... a burden of bringing in additional parties, rather than placing on potential additional parties a duty to intervene when they acquire knowledge of the lawsuit. **The linchpin of the "impermissible collateral attack" doctrine—the attribution of preclusive effect to a failure to intervene—is therefore quite inconsistent with Rule 19 and Rule 24. . . .**

(c) . . . [R]ESPONDENTS [ARE NOT PRECLUDED] FROM CHALLENGING THE ACTIONS TAKEN UNDER THE CONSENT DECREES OR A JUDGMENT IN AN ACTION TO WHICH THEY WERE NOT PARTIES. [Syllabus]. . . .

[I]n *Provident* Bank [*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)] we discussed Rule 19 shortly after parts of it had been substantially revised, but we expressly left open the question whether preclusive effect might be attributed to a failure to intervene. 390 U.S., at 114 -115.

Potential adverse claimants may be numerous and difficult to identify; if they are not joined, the possibility for inconsistent judgments exists. Judicial resources will be needlessly consumed in relitigation of the same question. . . .

(d) . . . **PLAINTIFFS WHO SEEK THE AID OF COURTS . . . ARE BEST ABLE TO BEAR THE BURDEN OF DESIGNATING THOSE WHO WOULD BE ADVERSELY AFFECTED IF PLAINTIFFS PREVAIL. . . . THE SYSTEM OF JOINDER CALLED FOR BY THE FEDERAL RULES IS NOT LIKELY TO PRODUCE MORE RELITIGATION OF ISSUES THAN A CONVERSE RULE, AND BEST SERVES THE INTERESTS INVOLVED IN THE RUN OF LITIGATED CASES.** [Syllabus]. . . .

The difficulties ... in identifying those who could be adversely affected by a decree granting broad remedial relief are undoubtedly present, but they arise from the nature of the relief sought and not because of any choice between mandatory intervention and joinder. Rule 19's provisions for joining interested parties are designed to accommodate the sort of complexities that may arise from a decree affecting numerous people in various ways. We doubt that a mandatory intervention rule would be any less awkward. . . . [P]laintiffs who seek the aid of the courts to alter existing policies . . . are best able to bear the burden of designating those who would be adversely affected if plaintiffs prevail . . .

[The contention that there should be preclusive where there was no intervention] does not eliminate the need for, or difficulty of, identifying persons who, because of their interests, should be included in a lawsuit. It merely shifts that responsibility to less able shoulders. . . .

We think that the system of joinder presently contemplated by the Rules best serves the many interests involved in the run of litigated cases [and not a regime of mandatory intervention]

(e) **WITH RESPECT TO THE ARGUMENT THAT THE CONGRESSIONAL POLICY FAVORING VOLUNTARY SETTLE-MENT OF . . . CLAIMS SUPPORTS THE "IMPERMISSIBLE COLLATERAL ATTACK" DOCTRINE, IT IS ESSENTIAL TO NOTE WHAT IS MEANT BY A "VOLUNTARY SETTLEMENT." A VOLUNTARY SETTLEMENT IN THE FORM OF A CONSENT DECREE BETWEEN ONE GROUP . . . [AND ANOTHER] CANNOT POSSIBLY "SETTLE," VOLUNTARILY OR OTHERWISE, THE CONFLICTING CLAIMS OF ANOTHER GROUP . . . WHO DO NOT JOIN IN THE AGREEMENT. INSOFAR AS IT MAY BE EASIER TO SETTLE CLAIMS AMONG A DISPARATE GROUP OF AFFECTED PERSONS IF THEY ARE ALL BEFORE THE COURT, JOINDER ACCOMPLISHES THAT**

**RESULT AS WELL AS WOULD A REGIME OF MANDATORY INTERVENTION.** [Syllabus]. . . .

Petitioners also urge that the congressional policy favoring voluntary settlement . . . also supports the "impermissible collateral attack" doctrine. But once again it is essential to note just what is meant by "voluntary settlement." A voluntary settlement in the form of a consent decree . . . cannot possibly "settle," voluntarily or otherwise, the conflicting claims of another group . . . who do not join in the agreement. This is true even if the second group . . . is a party to the litigation:

> "[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . without that party's agreement. A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors." Firefighters v. Cleveland, 478 U.S. 501 , 529 (1986).

Insofar as the argument is bottomed on the idea that it may be easier to settle claims among a disparate group of affected persons if they are all before the court, joinder bids fair to accomplish that result as well as a regime of mandatory intervention. [490 U.S. 755, 769]

Thus, according to the United States Supreme Court, the non-party defendants to be joined here will not be engaging in any impermissible collateral attack on a federal court order if they challenge a decision of this court in a case in which they were not parties. They have been ignored in this action, quite improperly, by New Cingular Wireless, PCS, LLC and Eastern Towers, LLC and that, they submit, is what is impermissible. New Cingular Wireless, PCS, LLC and Eastern Towers, LLC cannot legitimately argue that Smith and Woods, non-parties here are bound by a judgment in a case in which the plaintiffs (or anyone else) failed to name them as parties defendant or to inform the court why they were not so named. See Fed. R. Civ. P. 19.

The United States Supreme Court has already rejected New Cingular Wireless, PCS, LLC and Eastern Towers, LLC 's contentions that Smith and Woods are barred from relief in this action and that they somehow lost the right to obtain relief because

they did not intervene in this action, an action New Cingular Wireless, PCS, LLC and Eastern Towers, LLC willfully and deliberately chose to commence and maintain while ignoring them.

## CONCLUSION

Stewart J. Smith and Kimberley Hill Woods, having provided the notice and demand above, and recognizing that they are not presently parties to this action by reason of the plaintiffs unwarranted failure to join them as parties, suggest, preferably, that this court dismiss this action for violation by the plaintiffs of several provisions of Fed. R. Civ. P. 19, or in the alternative (and without in any way waiving their right to their position that the action must be dismissed) require that they be summonsed as parties-defendant and be given a fair opportunity to be heard in a meaningful way at a meaningful time.

Dated: June 7, 2005

>                      Stewart J. Smith
>                      Kimberley Hill Woods
>                      Defendants to be Joined
>                      By their attorney:
>
>                      Edward J. Collins
>                      Post Office Box 381330
>                      Harvard Square Branch
>                      Cambridge, Massachusetts 02138-1330
>                      [617]-492-3333
>                      B.B.O. No. 092240

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that I served

NOTICE OF INTEREST
AND DEMAND TO BE JOINED AS PARTIES-DEFENDANT

by mailing copies thereof by United States Postal Service, first-class mail, postage prepaid, to the following addresses:

[2 copies]
Brian Scott Grossman
Douglas H. Wilkins
Stephen D. Anderson
Anderson & Kreiger, LLP
The Bulfinch Building
47 Thorndike Street
Cambridge, MA 02141

Joel B. Bard
Patricia A. Cantor
Kopelman & Paige, PC
31 St. James Avenue
Boston, MA 02116

Edward J. Collins