UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.   04-11807 MLW

NEW CINGULAR WIRELESS, PCS, LLC )
and EASTERN TOWERS, LLC, )
          Plaintiffs, )
 v. )
)
TOWN OF WAYLAND, MASSACHUSETTS, )
BOARD OF APPEALS of the TOWN OF )
WAYLAND and JAMES E. GRUMBACH, ERIC B. )
GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. )
GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, )
ADIA GENNIS, LINDA SEGAL, as they are members )
and alternate members of the Board, )
          Defendants. )

## PLAINTIFFS' OPPOSITION TO RELIEF SOUGHT IN THE "NOTICE OF INTEREST AND DEMAND TO BE JOINED AS PARTIES-DEFENDANT"

Pursuant to Fed. R. Civ. P. 7, AT&T Wireless PCL, LLC, now known as New Cingular Wireless, PCS, LLC, ("New Cingular") and Eastern towers, LLC through its assignee and successor in interest Horizon Towers LLC ("Eastern") oppose the Notice of Interest and Demand to be Joined as Parties-Defendant ("Notice"), filed on behalf of Stewart J. Smith and Kimberley Hill Woods ("Woods/Smith").

Since Woods/Smith expressly disclaim any intent to intervene in this matter, the plaintiffs take them at their word and do not address the tests of Rule 24.  Nevertheless, much of what follows demonstrates that Woods/Smith do not meet the test for intervention.  The larger point, however, is that the plaintiffs contest the fundamental premise of the Notice (which may be

construed as a motion that Woods/Smith are entitled to be joined as defendants in this matter, with no further action by them, and that the case should be dismissed if they are not joined.

    1.    **<u>Woods/Smith Do Not Claim an Interest in the Subject Matter of This Action.</u>**

Smith/Woods assert that, merely because they are abutters entitled to "party in interest" status under state law,[1] they are persons who "claim an interest relating to the property or transaction which is the subject of the action" within the meaning of Fed. R. Civ. P. 19. "Parties in interest" under Mass. Gen. Laws 40A, § 11, include all property owners abutting the applicant's lot and all abutters to abutters within 300 feet of the applicant's lot. If Smith/Woods are right, then federal plaintiffs in telecommunications cases (and other zoning related cases) would have to join every person owning property within 300 feet of the lot proposed as a location for a wireless facility – regardless of whether every such person in fact wants to assert a claim against the permit. As shown by the Abutters List received and certified by the Wayland Town Assessor's office (see certified administrative record in this case at 37 to 38 ("C.R.")[2]), this would require adding at least 11 additional persons and organizations as defendants, most of whom presumably want to stay out of court. There is no support in the Telecommunications Act or Rule 19 for the proposition that Congress requires the plaintiffs to haul into court numerous private citizens and organizations involuntarily, many of whom probably do not wish to be involved in a lawsuit.

Mr. Smith's joinder in the Notice illustrates another serious practical problem with Woods/Smith's contentions: Pages 37-38 of the certified record filed in this case show that Mr. Smith is **not** a party in interest, as hi is not listed by the Town Assessor as an owner of any abutting property. See Mass. Gen Laws c. 40A, § 11 (making the Assessor's certification

---

[1] Mass. Gen Laws c. 40A, § 11 (defining "parties in interest").
[2] The defendant, Town of Wayland, filed the Certified Record in this case on April 1, 2005.

2

"conclusive for all purposes"). If he and others like him must be named as parties, the ranks of defendants will grow exponentially to include persons who are not ascertainable from "the most recent applicable tax list". Mass. Gen. Laws c. 40A, § 11. Indeed, even Ms. Woods' address on the Abutters List is a post office box in Weston (C.R. 39), raising questions about her actual alleged aggrievement under Rule 19 if a tower were built in Wayland. It is far from obvious that either Woods or Smith actually has a claim here.

At most, Woods/Smith **may** wish to assert a claim, but Woods' status as an alleged "party in interest" under state law (Mass. Gen. Laws c. 40A, § 11) does not automatically give rise to a "claim" unless she makes one. A "party in interest" under state law has a right to receive notice of a hearing, but any member of the public has an equal right to speak at the Board's public hearing. Mass. Gen. Laws c. 40A, § 10. The interests of an abutter under c. 40A can be extinguished even without notice in some circumstances. *Chiuccariello v. Building Commissioner of Boston*, 29 Mass. App. Ct. 482, 486 (1990).[3] This strong evidence that state law subordinates the Proposed Intervenor/abutter's rights to the goal of preventing undue delay and complexity in zoning litigation. To be sure, a "party in interest" has presumptive standing under state law to appeal a zoning decision under G. L. c. 40A, §17, but she must affirmatively take action by filing a complaint to exercise that right and must produce evidence to support her presumptive standing if challenged, on pain of dismissal for lack of standing if the evidence does not show aggrievement from the zoning decision. See *Marashlian v. Zoning Board of Appeals of Newburyport*, 429 Mass. 719, 729 (1996). Moreover, it is not necessary to be an abutter, or

---

[3] In *Chiuccariello*, 29 Mass. App. Ct. at 486, the Court held that "'. . . To rule that a board of appeals loses jurisdiction to act in every . . . instance [of defective notice] would be to rule that every successful petitioner before the board, who has no control over the manner in which the board performs its duties . . . would remain indefinitely subject to attack in proceedings in the nature of mandamus'.", quoting *Kasper v. Board of Appeals of Watertown*, 3 Mass. App. Ct. 251, 256 (1975). The court could not have reached this result if Boards of Appeals are deciding the property rights of abutters entitled to notice under G.L. c.40A, § 11.

statutory "party in interest" to have standing under state law. See *Monks v. Zoning Board of Appeals of Plymouth*, 27 Mass. App. Ct. 685, 642 NE 2d 314 (1994)(plaintiffs had standing, though they lived 1,500 feet from the challenged cell tower).[4] A "party in interest" therefore may or may not have a cognizable claim in court. Reflecting the inconclusive nature of "party in interest" status under state law, the unsuccessful applicant for zoning relief need not name so-called "parties-in-interest" in any state judicial appeal, despite the statue's express direction that persons "other than the original applicant' name the applicant and board members (but not abutters) as defendants in any zoning appeal. Mass. Gen. Laws. 40A, § 17 (second paragraph).

In short, the right that Woods/Smith claim, as abutters under G.L. c. 40A, § 11, is not a property right, or a vested right of any type, but simply a procedural right of participation in local administrative proceedings, so that the decision makers can be fully informed of all points of view. Cf. *Tenneco Oil Co. v. City Council of Springfield*, 406 Mass. 658, 660 (1990) ("The clear purpose of the hearing and notice requirements of G.L. c. 40A, §§ 9 and 11, is to ensure that zoning authorities act on special permit applications only after the opposing interests have had a fair opportunity to be heard.").

The Notice is further undercut by the fact that Smith/Woods evidently support the local board's result – denial of zoning relief. Because an abutter is not "aggrieved" by a decision denying a permit on the adjoining property (and therefore lacks the requisite interest in the proceeding under Mass. R. Civ. P. 24), Massachusetts rejects the proposition that an abutter may intervene to support a zoning decision that reaches a result with which she agrees, even if she wishes to press additional rationales not reached (or even rejected) by the Board. *Prudential*

---

[4] Under this reasoning, TCA plaintiffs might have to name as defendants everyone who might be able to see a proposed tower.

4

*Insurance Co. of America v. Board of Appeals of Westwood*, 18 Mass. App. Ct. 632, 635-636 (1984).[5]

Federal law is similar, though sparser, in light of the relative infrequency with which zoning claims are litigated federally. Woods/Smith claim that they have met the test of Fed. R. Civ. P. 19 simply by asserting their *status* as abutters and neighboring landowners. The federal courts have found such a claim insufficient, by itself. *Omnipoint Communications, Inc. v. City of White Plains*, 202 F.R.D. 402 (S.D.N.Y. 2001) (opinion denying intervention to a religious congregation that owned property "adjacent to the" location of a telecommunications monopole). Compare *Bellsouth Mobility, Inc. v. Parish of Plaquemines*, 40 F.Supp. 2d 372, 375 (D. La. 1999) (reciting, without discussion, that owners of adjacent property had intervened). If abutter status alone were sufficient, it would contravene a central goal of the TCA to avoid delay in local permitting due to "NIMBY" issues that are preempted from local consideration. See *Roberts v. Southwestern Bell Mobile Sys., Inc.*, 429 Mass. 478, 709 N.E.2d 798, 806 (1999) ("Congress certainly intended to protect providers of [personal wireless] services from irrational or substanceless decisions by local authorities who might bend to community opposition to these facilities.").

It follows that Woods/Smith do **not** automatically have claims regarding zoning permits for activities on other peoples' property; nor do applicants for permits have to act as though abutters possess such claims. Abutters may have such claims if and only if they affirmatively assert them. It is unnecessary – not to say presumptuous – for telecommunications plaintiffs to name abutters as defendants as a matter of course in federal TCA proceedings.

---

[5] The Massachusetts Superior Court has allowed intervention in one case where the Board declined to appeal an adverse judgment. *Berkshire Power Development, Inc. v. Zoning Board of Appeals of Agawam*, 43 Mass. App. Ct. 828, 831 (1997) (intervention issue not discussed on appeal). This, of course, is not the present posture of this case. Indeed, in that case the Superior Court had previously denied the motion to intervene prior to judgment. Id., citing *Prudential*.

5

2. **Woods/Smith Intervenors Are Adequately Represented in this Matter.**

Rule 19 also requires a showing that the absence of a party will (1) preclude the granting of complete relief, or (2) will, as a practical matter, either (i) impair or impede the person's ability to protect her interest or (ii) leave the existing parties subject to a substantial risk of multiple or inconsistent obligations. Clause (1) is inapplicable, as the plaintiffs seek a permit or variance, which the Town (and only the Town) has full power to grant. Clause 2(ii) likewise does not apply, as the Town's obligations under the Telecommunications Act will preempt any state or local law claim that Woods/Smith may devise. See *Brehmer v. Planning Board of the Town of Wellfleet*, 238 F.2d 117, 122 (1st Cir. 2001), overruled on jurisdictional grounds, *Metheny v. Becker*, 352 F.3d 458 (1st Cir. 2003).

The question therefore boils down to whether Woods/Smith will be impaired in asserting their potential interest – which they have not themselves asserted as proposed intervenors. This is closely related to the common inquiry under Fed. R. Civ. P. 24 whether a government defendant is adequately defending the case under the tests for intervention. The Notice fails to acknowledge the full efforts of the Town of Wayland, which is defending this case through litigation and in settlement discussions. Here, the interests of the citizens of Wayland, including Woods/Smith, are more than adequately represented by the defendants, which include the Town, the Board and the Board's members.

The government is presumed to represent its citizens adequately when it defends its own decision, because it has the same ultimate goal as a party seeking intervention. See *Daggett v. Commission on Governmental Ethics*, 172 F.3d 104, 111 (1st Cir. 1999)(defense of a statute). Ordinarily, to overcome this presumption, the Proposed Intervenors "must demonstrate adversity of interest, collusion, or nonfeasance." Id., quoting *Moosehead Sanitary Dist. v. S.G. Phillips*

*Corp.*, 610 F.2d 49, 54 (1st Cir. 1979). To be sure, these showings are not the exclusive way to demonstrate inadequacy of representation. Id. However, in this case, the Proposed Intervenors have not shown any defect in the representation by the Town, including the decision to consider settlement, given the realities presented by the TCA and the facts. The Town is not required to embark on an overly aggressive defense of a permit denial in the face of a prior Judgment in this District adjudicating the Town's "hostility" to wireless communications and vacating a negative Board decision.[6] Nor is the Town required to deny the reality posed by the Certified Record and the arguments made in the Plaintiffs' Motion for a Hearing on the Substantial Evidence Count and Motion for a Preliminary Injunction.

    This is not to say that intervention would always be denied in TCA cases against local boards. *Brehmer* suggested, 238 F.3d at 122 (before it was overruled on jurisdictional grounds), that intervention is available for a person with standing to participate in the federal proceeding, and that a post-judgment lawsuit is not available. Prior to judgment, parties have successfully intervened upon a showing, among others, that a government agency appeared not adequately to represent their interests in a dispute over regulation. See generally *Maine v. U.S. Fish and Wildlife Service*, 262 F.3d 13, 20 (1st Cir. 2001); *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560 (1st Cir. 1999), *cert. denied.* 529 U.S. 1105 (2000); *Public Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197 (1st Cir. 1998). However, in this case, the Town's representation is already known, and it is apparent that the Town is, in fact, representing the abutters' legitimate interests to the full extent reasonable.

---

[6] *Nextel Communications of the Mid-Atlantic, Inc. v. Town of Wayland*, 231 F.Supp. 2d 396, 406-407 (D. Mass. 2002):

> Instead, the undisputed evidence shows repeated delays and denials that, when viewed in the aggregate, demonstrate the Town's hostility towards Nextel. Nextel, therefore, has met its burden of showing "from language or circumstances not just that this application has been rejected but that further reasonable efforts are so likely to be fruitless that it is a waste of time even to try." Amherst, 173 F.3d at 14.

3. **The Notice Raises No Issue of Federal Law.**

Finally, the Notice does not assert any interest protected by Federal Law. The Notice's apparent implication is that an abutter has automatic standing as a defendant in a TCA case, because of abutters' presumptive standing under state law. The First Circuit has held that the TCA "does not federalize telecommunications land use law." *Southwestern Bell Mobile Systems, Inc. d/b/a Cellular One v. Todd*, 244 F.3d 51, 57 (1st Cir. 2001), citing *Robert v. Southwestern Bell Mobile Systems, Inc*, 429 Mass. 478, 482, 709 N.E.2d at 802 (1999). "Congress sought to encourage the expansion of personal wireless services," and "local governments retain control 'over decisions regarding the placement, construction, and modification of personal wireless service facilities' ... subject to several substantive and procedural limitations that 'subject [local governments] to an outer limit' upon their ability to regulate personal wireless services land use issues." *Todd.*, at 57 (emphasis added), citing *Town of Amherst*, 173 F.3d at 15; see also *Southwestern Bell*, 244 F.3d at 57; 47 U.S.C. § 332(c)(7)(B).

Each of the TCA's substantive and procedural limitations is designed to protect the prospective providers of telecommunications services from overzealous or parochial regulation at the local level.[7] *Southwestern Bell*, 244 F.3d at 57-58. See also *Town of Amherst*, 173 F.3d at 12; *Omnipoint Communications MB Operations, LLC, v. Town of Lincoln*, 107 F. Supp.2d 108, 114 (D. Mass. 2000) (citations and internal quotations omitted). See also *Maher v. Hyde, U.S. Dist. Ct. (Mass.) No.* 00-CV-11326-REK (Memorandum and Order, 11/14/00) ("this court would not be authorized to exercise subject-matter jurisdiction to consider whether the Planning Board's

---

[7] The Act imposed the TCA's limitations to avoid interminable delay in approving, and pretextual reasons in denying, permits for wireless facilities. See *Southwestern Bell*, 244 F.3d at 57 (1st Cir.2001), citing *Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Township*, 181 F.3d 403, 407 (3d Cir. 1999) and H.R. Rep. No. 104-204, at 94, reprinted in 1996 *Code Cong. & Admin. News*, at 61. See also H.R. No. 104-204, at 94, reprinted in 1996 *Code Cong. & Admin. News*, at 61.

8

decisions violated *Massachusetts state law or local regulations*."). Nothing in the TCA confers jurisdiction on the District Court, at the behest of disgruntled citizens, to adjudicate whether the denial of a telecommunications facility should be upheld for reasons beyond those presented in Court by the Board that denied the permit. Such a claim turns the purpose of the TCA on its head.

It is incumbent on Woods/Smith to attempt to intervene by asserting some interest in matters that the TCA reserves for local consideration. That is, they need to assert a nexus between their status and a claim they could make under – or at least consistent with – the TCA. Cf. *Flast v. Cohen*, 392 U.S. 83, 102 (1968)(to establish standing a party must assert a "logical nexus between the status asserted and the claim sought to be adjudicated."); *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970)(requiring that the asserted interest fall within the "zone of interests" arguably protected by the relevant statute).[8] They have not done so and, indeed appear to have no interest beyond trying to prevent development of any facility on the Site, whether or not there is substantial evidence and whether or not the proposed facility is the least intrusive telecommunications facility possible to fill New Cingular's coverage gap in this area. Their allegations therefore fail to establish a "claim" for purposes of Rule 19, let alone an interest in the subject matter of this action within the meaning of Fed. R. Civ. P. 24.

Nearly every telecommunications tower will have abutters, many of whom may object to any telecommunications facilities at all on neighboring parcels. Assuming Rule 19 indispensable party status for all abutters, who show no nexus between their claims and any interest they could

---

[8] The Supreme Court has reserved judgment on whether an intervenor must possess standing under Article III, and the First Circuit has not had to decide the issue. See *Daggett v. Commission on Governmental Ethics*, 172 F.3d at 109.

9

lawfully pursue under the TCA, is a prescription for delay. Indeed, it threatens to make settlement of TCA cases difficult or impossible. At the least, abutters seeking intervention must show that they do not merely oppose a wireless communications facility, but that they also assert claims they may pursue in light of the TCA.[9] Without such a showing, the Notice's logic would federalize local zoning decisions in a way that Congress intended to preclude, not to sanction. See, e.g., *Southwestern Bell Mobile Systems, Inc., d/b/a Cellular One, v. Todd*, 244 F.3d 51(1st Cir.2001).

## CONCLUSION

For the above reasons, if the Court treats the Notice as a motion, the motion should be denied.

By its attorneys,

Stephen D. Anderson, Esq. (BBO # 018700)
Douglas H. Wilkins, Esq. (BBO # 528000)
Brian S. Grossman, Esq. (BBO # 64159)
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

Dated: June 16, 2005

---

[9] This reasoning parallels the rules governing abutter standing under state zoning laws, which is limited to issues that are <u>within the proper scope of those laws</u>. See *Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge*, 27 Mass. App. Ct. 491, 496, 540 N.E.2d 182 (1989); *Circle Lounge & Grille v. Board of Appeal of Boston*, 324 Mass. 427, 430, 86 N.E.2d 920 (1949). Through preemption, the TCA limits the issues that municipalities may consider in zoning and permitting telecommunications facilities and therefore narrows the zoning issues that are properly raised under state and local laws by abutters, as well. See *Brehmer*, 238 F.3d at 122; 47 U.S.C. § 332(c).

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing on the defendants by causing a copy to be mailed to their counsel of record listed below on this Thursday, June 16, 2005.

| | |
|---|---|
| Patricia Cantor, Esq. | Edward J. Collins, Esq. |
| Kopelman & Page, P.C | P.O. Box 381330 |
| 31 St. James Avenue, | Harvard Square Branch |
| Boston, MA 02116 | Cambridge, MA 02138-1330 |

_____
Douglas H. Wilkins

*G:\DOCS\ATT\WaylandEasternLit\P\OppNotice1.doc*