UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.   04-11807 MLW

---

NEW CINGULAR WIRELESS, PCS, LLC )
and EASTERN TOWERS, LLC, )
                                  Plaintiffs, )

v. )

TOWN OF WAYLAND, MASSACHUSETTS, )
BOARD OF APPEALS of the TOWN OF )
WAYLAND and JAMES E. GRUMBACH, ERIC B. )
GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. )
GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, )
ADIA GENNIS, LINDA SEGAL, as they are members )
and alternate members of the Board, )
                                  Defendants. )

---

### PLAINTIFFS' MOTION TO STRIKE "NOTICE OF INTEREST AND DEMAND TO BE JOINED AS PARTIES-DEFENDANT" OR, IN THE ALTERNATIVE, OPPOSITION THERETO

Pursuant to Fed. R. Civ. P. 7, AT&T Wireless PCS, LLC, now known as New Cingular Wireless, PCS, LLC, ("New Cingular") and Eastern Towers, LLC through its assignee and successor in interest Horizon Towers LLC ("Eastern") move to strike the Notice of Interest and Demand to be Joined as Parties-Defendant ("Notice"), filed on behalf of Stewart J. Smith and Kimberley Hill Woods for the following reasons:

    1.      The Notice is really a "motion", as it is "[a]n application to the court for an order" (Fed. R. Civ. P. 7(b)(1)) seeking a ruling that two persons are entitled to be joined or that the case be dismissed. See Notice pp. 2, 12. The rules provide no basis for such a motion by a non-party to the case.

    2.      The Notice is filed by persons lack standing to file papers because they are neither parties to this case, nor proposed intervenors, not proposed amici-curiae.

3.  While plaintiffs would ordinarily be inclined to treat the Notice as effectively a motion to intervene, the Notice expressly disclaims any such intent. See Notice, p. 5 ("Please note that this is NOT an application for intervention (Fed. R. Civ. P. 24)").

4.  A motion for intervention (which the plaintiffs may oppose upon grounds stated in Fed. R. Civ. P. 24) is the well-settled mechanism for a person to protect alleged interests in a case brought under Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the TCA"), codified at 47 U.S.C. § 332(c). Maher v. Hyde, 272 F.3d 83, 88 (1st Cir. 2001) ("If the Mahers [nearby landowners] were concerned that their interests could be adversely affected by Hyde's [landlord/applicant] action against the Board, they could have petitioned to intervene in that litigation.").[1] See also Brehmer v. Planning Board of the Town of Wellfleet, 238 F.2d 117, 122 (1st Cir. 2001)(in the circumstances of that case, the "appellants had the opportunity to intervene, and fully assert their rights, in the suit brought by Omnipoint against the Planning Board that ultimately led to the settlement agreement. Appellants failed, however, to avail themselves of that opportunity."), overruled on jurisdictional grounds, Metheny v. Becker, 352 F.3d 458 (1st Cir. 2003). Cf. AT&T Wireless PCS, LLC v. Town of Stow, U.S. Dist. Ct. No. 01CV10555REK (Zobel, J., emergency judge) (August 13, 2001)(denying intervention as untimely), aff'd 1st Cir. 01-2269 (March 28, 2002).

---

[1] Another holding in Maher v. Hyde, 272 F.3d 83 (1st Cir. 2001) was that the same attorney who has filed the Notice in this case had prosecuted a frivolous appeal opposing a wireless facility in Stow, Massachusetts; he was later disbarred for a failing to pay the court-ordered fees imposed for that appeal. See In Re: Edward J. Collins, 1st Cir. No. 03-8002 (May 2, 2003); In Re Edward Collins (Order of Term Suspension), Mass. Supreme Judicial Court No. BD-2003-027 and orders attached thereto. He was reinstated by the Supreme Judicial Court on November 19, 2004, according to the Massachusetts Board of Bar Overseers' website. See printout from the Massachusetts Board of Bar Overseers' website regarding Edward J. Collins. Given this Notice history, the plaintiffs are not inclined to view the as innocuous and must insist upon protection of their rights under the Rules of Civil Procedure with respect to the Notice.

5.	There is no provision in the Federal Rules of Civil Procedure for a Notice to circumvent the requirements of Rule 24 for intervention. If the plaintiffs are unwilling or unable to make the showing required by Rule 24, therefore, they are not entitled to file papers in this case.

6.	Mr. Smith and Ms. Woods certainly may decline to intervene. Their Notice, however, fails to take account of the <u>Maher</u> and <u>Brehmer</u> cases and the doctrine of laches. The plaintiffs are obviously aware of this lawsuit and of the alleged impact it may have on them. If they are right that they have an interest in this proceeding entitling them to become parties, their delay in raising their claims now, to the detriment of the plaintiffs, should bar any later claims they may try to make.

7.	In the alternative, the plaintiffs oppose the relief sought in the Notice for the reasons stated in the previously-filed Memorandum in Opposition to Relief Sought in the Notice of Interest and Demand to be Joined as Parties-Defendant, which is incorporated by reference.

By its attorneys,

_____
Stephen D. Anderson, Esq. (BBO # 018700)
Douglas H. Wilkins, Esq. (BBO # 528000)
Brian S. Grossman, Esq. (BBO # 64159)
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

Dated: June 21, 2005

-4-

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on the defendants by causing a copy to be sent to their counsel of record listed below on this 21st day of June, 2005.

By:
Patricia A. Cantor, BBO # 258
Kopelman & Paige LLC
31 St. James Avenue, 7th Floor
Boston MA 02116-4102

By First Class Mail
Edward J. Collins, Esq.
P.O. Box 381330
Harvard Square Branch
Cambridge, MA 02138-1330

Douglas H. Wilkins