UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, f/k/a ) <br> AT&T WIRELESS PCS, LLC, and HORIZON TOWERS, ) <br> LLC, (substituted for Eastern Towers, LLC) ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> TOWN OF WAYLAND, MASSACHUSETTS, ) <br> BOARD OF APPEALS of the TOWN OF ) <br> WAYLAND and JAMES E. GRUMBACH, ERIC B. ) <br> GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. ) <br> GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, ) <br> ADIA GENNIS, LINDA SEGAL, as they are members ) <br> and alternate members of the Board, ) <br> ) <br> Defendants. ) | C.A. No. 04-11807 MLW |

## FINAL AGREEMENT FOR JUDGMENT

This Final Agreement for Judgment (the "Agreement") is made for adequate

consideration, the receipt and sufficiency of which are hereby acknowledged, by, between and

among the following parties:

The Plaintiff New Cingular Wireless PCS, LLC, f/k/a AT&T Wireless PCS, LLC, ("Cingular"), a Delaware Limited Liability Company qualified to do business in Massachusetts with a business address of 580 Main Street, Bolton, Massachusetts 01740;

The Plaintiff Horizon Towers, LLC,[1] a Massachusetts Limited Liability Company with a principal place of business at 8 Doaks Lane, Marblehead, MA 01945, the assignee from Eastern Towers, LLC of the ground lease agreement and all other site related work product involving the development of a wireless communications tower at 137 Boston Post Road, Wayland, MA (collectively "Horizon");

---

[1] For purposes of this Agreement for Judgment, all parties to this action stipulate and agree that Horizon Towers, LLC (f/k/a Eastern Towers II, LLC) shall be and hereby is substituted as a Plaintiff in this action under Fed. R. Civ. P. 15 and 17 for Eastern Towers, LLC, on the ground that Horizon Towers, LLC is the assignee of the ground lease for the 137 Boston Post Road Site and a party in interest in this action. The parties further stipulate and agree to file any necessary motion to effectuate this substitution.

The Defendant Town of Wayland, a duly constituted municipality in Middlesex County, Massachusetts, with its principal office located at the Town Building, 41 Cochituate Road, Wayland, MA 01778; and

The Defendant Zoning Board of Appeals ("Board of Appeals") of the Town of Wayland, a duly constituted board with an office located at Town Building, 41 Cochituate Road, Wayland, MA 01778, and the Defendant members, associate members and former members of the Board of Appeals.

## FACTUAL RECITATIONS

WHEREAS on or about January 29, 2003 (as amended), US Tower Group LLC entered into an Lease Agreement with Stephen S. Keneally for a proposed wireless communication facility at 137 Boston Post Road, Wayland, MA, which agreement was assigned to Plaintiff Eastern Towers, LLC on March 5, 2003 (recorded July 15, 2003 in Book 39957 Page 618 of the Middlesex South Registry) and which agreement has been further assigned to Plaintiff Horizon as recorded in the Middlesex South Registry.

WHEREAS the Plaintiff Cingular has entered into an agreement with Plaintiff Horizon to locate its wireless communications facilities on and next to the proposed Horizon wireless communication tower at 137 Boston Post Road, Wayland, MA (the "137 BPR Site").

WHEREAS the Plaintiffs Horizon and Cingular applied to the Wayland Board of Appeals for zoning variances and other zoning relief necessary to build a wireless communication tower and facilities at the 137 BPR Site, consisting of a wireless communications monopole tower with concealed antenna panels within a fenced equipment compound, antennas, cables and ground equipment, with all necessary access and utility easements (collectively the "Tower Facility").

WHEREAS the Board of Appeals denied the application for zoning variances.

WHEREAS the Plaintiffs Horizon and Cingular timely appealed under Section 704 of the Telecommunications Act of 1996, Pub. L. No. 104-104 ("the Telecommunications Act"), codified at Section 332(c)(7) of the Communications Act of 1934, 47 U.S.C. §§ 151-691, and the Massachusetts Zoning Act, M.G.L. c. 40A, § 17, from the denial by the Board of Appeals of their application for zoning variances (the "TCA Case").

WHEREAS, in an effort to settle the TCA Case, the parties have attempted to locate an alternative site for the Plaintiffs' Tower Facility (a) which, from the Town's perspective, would be more suitable than a proposed Tower Facility at the 137 BPR Site; (b) which the Plaintiffs would find acceptable as a compromise site; (c) which could be constructed on an expedited basis beginning on November 15, 2005, or earlier date provided herein; (d) which would minimize the number of personal wireless communications facilities in the Town; and (e) which would maximize the availability of personal wireless services in the Town.

WHEREAS, the Town has proposed as the alternate site certain Town-owned property located at 139 Old Connecticut Path and 0 Old Connecticut Path, identified on the Wayland Assessor's Map 34 as Parcels 026, 026A, and 27, owned by the Town of Wayland within the control of the Wayland Water Commissioners   (the "Reeves Hill Site").

WHEREAS, to make the Reeves Hill Site a viable location for the Plaintiffs' Tower Facility as a settlement of the TCA Case (the "Reeves Hill Tower Facility"), the Town and the Board of Appeals, as applicable, intend to undertake all necessary actions and fulfill all applicable requirements under state and local law on an expedited time frame, including but not limited to the following (the "Municipal Requirements"):

1. On or before September 7, 2005, to issue a Request for Proposals ("RFP") for the lease of a portion of the Reeves Hill Site  substantially in the form attached as

3

Exhibit A, contingent upon the authorizations by Town Meeting specified below, and, on or before October 17, 2005, in the event the Plaintiffs are the successful bidder in response to the RFP, to award the contract to the Plaintiffs and enter into the lease with the Plaintiffs for the Reeves Hill Tower Facility in accordance with the RFP's time limits, contingent upon the authorizations by Town Meeting specified below.

2. On or before July 15, 2005, acting by and through the Wayland Water Commissioners or other Town board or officer having charge of the Reeves Hill Site, to prepare and approve a site map (the "Site Map") that shows (i) the location of various existing structures currently being used by the Wayland Water, Police and Fire Departments, e.g., water tanks, pump house, and emergency communications tower, (ii) the preferred location for the Reeves Hill Tower Facility (the "Preferred Lease Location"), and (iii) the area in which no construction may occur (the "Restricted Area") and to issue any necessary notice, opinion and determination under G.L. c. 40 §§ 15 and 15A, substantially in the form attached as Exhibit B to make available for lease a 50' x 80' (4,000 square foot) portion of the Reeves Hill Site sufficient for the Reeves Hill Tower Facility together with all necessary access and utilities from a public way (the "Reeves Hill Tower Facility Lease Area").

3. As soon as practicable and no later than November 2, 2005 (to conclude by November 7, 2005) unless otherwise agreed in writing by counsel for the parties,[2] the Town shall hold a Special Town Meeting ("Special Town Meeting"). In determining what is practicable, the Town shall not unreasonably or unnecessarily delay, but may give due consideration to consolidation of the matters stated in subparagraphs (a) and (b) below with an anticipated additional (but unrelated) warrant item for development of Town Center. For the Special Town Meeting, the Town shall duly publish and post a warrant containing the following Articles and at which it shall consider the following Articles:

    a. an Article substantially in the form attached as Exhibit C authorizing (i) the transfer of the Reeves Hill Site from the Water Commissioners to the Board of Selectmen for purposes of entering a long-term lease of a portion thereof for wireless communication purposes, (ii) the long-term lease of a portion of the Reeves Hill Site for wireless communication purposes, (iii) the grant of all necessary easements for electric and telephone utilities to

---

[2] The parties acknowledge that the Town is attempting to schedule a single Special Town Meeting for the reasons set forth in this Agreement for Judgment and for unrelated matters concerning a Town center project. In the event the Town center project is unavoidably delayed, the Town may request an additional extension to hold the Special Town Meeting to and including November 12, 2005. The Plaintiffs' assent to this extension will not be unreasonably withheld. In the event the Plaintiffs do assent to this extension, the deadlines in this Agreement for Judgment following upon and dependent on the date of the Special Town Meeting will be extended by the same number of days as the extension for the Special Town Meeting. No further extensions of the Special Town Meeting deadline or other deadlines for action by the Defendants will be allowed.

service the Reeves Hill Site for wireless communication purposes, and (iv) any additional Town Meeting approvals necessary for the construction, operation, maintenance and use of the Reeves Hill Tower Facility, including without limitation any approvals necessary to provide the Town with good, clear, record, marketable, unrestricted title to the Reeves Hill Site and all necessary access thereto from a public way for this purpose; and

b.  after complying with all necessary requirements of G.L. c. 40A, § 5, an Article substantially in the form attached as Exhibit D to rezone the Reeves Hill Site as a Special Planned Wireless District in which the Reeves Hill Tower Facility would be allowed as of right.

Without limiting the generality of the phrase "substantially in the form", no Article shall be considered as meeting the above requirements if the Article, as amended and adopted, prevents or impairs the use and construction of a four-carrier monopole at the height set forth in item 2.1 in the proposed final Judgment attached hereto as Exhibit G ("the Final Judgment"), which permits (i) coverage of the alleged gap on Route 20 by four carriers, (ii) coverage of the Mainstone Farm Condominium area by at least two carriers, and (iii) Cingular's coverage in both the 800-900 and1850-1990 MHz bands.  Nor shall such an amended Article be deemed to meet the above requirements if any amendment to the Article, as adopted, materially increases the costs of the Reeves Hill Tower Facility.

4.  In the event the Town adopts the Article referred to in subsection 3(b) of this Section (to rezone the Reeves Hill Site as a Special Planned Wireless District in which the Reeves Hill Tower Facility would be allowed as of right), to submit, within five business days after the end of the Special Town Meeting referred to in paragraph 3 above, the zoning amendment to the Massachusetts Attorney General for approval.

5.  On or before November 9, 2005, to submit to the Department of Environmental Protection ("DEP") all necessary documentation and take all necessary actions to satisfy DEP's Policy No. DWSP98-01 and its Guidance DWSG98-01.

6.  Within two business days following the end of the Special Town Meeting referred to in paragraph 3 above, and no later than November 10, 2005, or within 30 days after the Plaintiffs shall have submitted a completed building permit application for the Reeves Hill Tower Facility consistent with the Final Judgment, whichever is later, to issue a building permit (and any necessary electrical and foundation permits) for the Plaintiffs' Reeves Hill Tower Facility.

7.  On or before November 9, 2005, to effectuate all other necessary actions and requirements necessary to implement the foregoing, including the issuance of all other required municipal permits and approvals such as approvals, if any, required

5

by the Conservation Commission, Board of Road Commissioners, and Board of Health.

8. On or before November 15, 2005, to duly execute and deliver for recording all necessary easements for electric and telephone utilities to service the Reeves Hill Site for wireless communication purposes.

WHEREAS, in the event that any of the following contingencies (a-j) occurs, all parties stipulate and agree that the Plaintiffs' Tower Facility at the 137 BPR Site shall be allowed to be constructed, operated, maintained and used forthwith as a matter of compliance with federal law in accordance with the proposed form of Final Judgment referenced below:

(a) any of the Municipal Requirements is not timely fulfilled,

(b) the Plaintiffs, having responded to the RFP with a bid that meets the minimum requirements set forth in Section VI therein (Exhibit A), which are hereby agreed for purposes of settlement to be commercially reasonable, are not awarded the contract for the Tower Facility at the Reeves Hill Site within the time limits set forth in the RFP;

(c) in the event the Plaintiffs, having responded to the RFP with a bid that meets the minimum requirements set forth in Section VI therein (Exhibit A), are awarded the contract for the Tower at the Reeves Hill Site, and the Town does not enter into the lease in accordance with the Plaintiffs' response to the RFP within the time limits set forth in the RFP;

(d) the Town does not duly adopt, by the requisite votes of Town Meeting, the Articles substantially in the form set forth in Exhibits C and D;

(e) the Town does not submit the zoning amendment noted in Exhibit D for approval of the Massachusetts Attorney General within five business days after the end of the Special Town Meeting at which such zoning amendment was approved or the zoning amendment is not approved by the Massachusetts Attorney General, unless the portion or portions of such zoning amendment not approved do not inhibit the Plaintiffs' ability to construct, operate, maintain and use the Reeves Hill Tower Facility on the Reeves Hill Site;

(f) the Town does not execute and deliver to the Plaintiffs or their designees, on or before November 15, 2005, all necessary easements for electric and telephone utilities to service the Reeves Hill Site for wireless communication purposes;

6

(g) the Town does not submit to the Department of Environmental Protection, on or before November 9, 2005, all necessary documentation required by DEP's Policy for the use of Water Department property for wireless communication purposes;

(h) the Town does not issue a building permit to the Plaintiffs for the Tower Facility within two business days following the end of the Special Town Meeting at which the zoning amendment referred to in (e) above was approved (and no later than November 10, 2005) or within 30 days after the Plaintiffs shall have submitted a building permit application for the Reeves Hill Tower Facility consistent with the Judgment resulting herefrom, whichever is later;

(i) the Town does not timely effectuate all other necessary actions and requirements necessary to implement the foregoing; or

(j)    the Town or Town Meeting has taken or refused to take any vote(s) or other action(s) with the purpose or effect of denying or unduly delaying permission for the plaintiffs to construct and use the Reeves Hill Site for the purposes stated herein on the timetable set forth herein.

WHEREAS the parties have agreed that if the Plaintiffs' Tower Facility is constructed at the 137 BPR Site, it shall be subject to the conditions attached hereto as Exhibit E, and the Plaintiffs have further agreed that they will reimburse the Town for its actual legal expenses incurred in connection with this litigation, including mediation and settlement discussions, in an amount not to exceed $33,750.

WHEREAS the parties have agreed that if the Plaintiffs' Tower Facility is constructed at the Reeves Hill Site, (i) it shall be subject to the conditions attached hereto as Exhibit F, (ii) the wireless antennas located thereon will be arrayed in an effort to provide coverage to both the alleged gap in coverage along Route 20 and surrounding areas and to portions of the Mainstone Farm condominiums from the Reeves Hill Facility, (iii) the Town will be authorized to place, at its expense, one or more emergency antenna(s), e.g., Police and Fire, on the Plaintiffs' monopole as long as the antenna(s) do not interfere with the provision of wireless communications and the

7

location of the antenna(s) is approved by the Plaintiffs, such approval not to be unreasonably withheld, and (iv) for a period of two years after executing this Agreement for Judgment, Horizon, and any of its subsidiaries or related entities or assignees or successors in interest to their subsidiaries or related entities or assignees shall not file an application to the Town of Wayland for another wireless communications facility within a one and one-half mile radius of the tower at the Reeves Hill Site or the 137 BPR Site to the extent such site would be located within the Town of Wayland, unless Horizon first notifies the Town that such a facility is necessary to provide personal wireless services and the Town agrees to the filing of an application, which agreement shall not be unreasonably withheld and shall be deemed granted unless denied for cause (which shall not be solely the need for a zoning change, permit or variance) in a writing received by Horizon within 10 days of written notice to the Town at the addresses set forth in Section VI of the Agreement for Judgment..

WHEREAS this Court has subject matter jurisdiction over this case pursuant to 47 U.S.C. § 332(c)(7)(B)(5), 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. § 1367.

WHEREAS Cingular and other carriers have contended that they have a significant coverage gap in the area of the proposed facilities at issue in this litigation and a need for wireless communication coverage in Wayland and in the coverage area at issue in this litigation.

WHEREAS both the First Circuit and this Court have encouraged settlement between wireless providers and zoning boards in appropriate circumstances. See Brehmer v. Planning Board of the Town of Wellfleet; Omnipoint Communications, Inc., et al., 238 F.3d 117, 121 (1st Cir. 2001) (concluding that, in cases under the Federal Telecommunications Act of 1996, it is "not unreasonable for the board to settle with the applicant on the terms most favorable to the

town" and that such settlements "are fully consistent with the TCA's aims"); Town of Amherst, New Hampshire v. Omnipoint Communications, 173 F.3d 9, 16-17 (1st Cir. 1999) ("[I]t is in the common interest of [zoning boards] and [telecommunications companies] to find ways to permit the sitting of towers in a way most congenial to local zoning"); Patterson v. Omnipoint Communications, Inc., 122 F. Supp.2d 222, 228 (D. Mass. 2000) (in appropriate circumstances, "it behooves that board to settle with the Plaintiff company on the most favorable terms possible; rather than spend more on litigation, with the potential to receive less favorable terms from a judgment").

WHEREAS, without any admission of fact, law or liability, the parties now desire to settle the above-captioned litigation to permit the Court-ordered construction and operation of a tower and wireless communication facilities in Wayland subject to and on the terms set forth herein and in the attached proposed form of Final Judgment (in the form submitted herewith as Exhibit G) (the "Final Judgment").

WHEREAS, there is no just cause for delay and a remand would serve no useful purpose.

NOW THEREFORE, for adequate consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement agree as follows:

I.      **AGREEMENT FOR ENTRY OF JUDGMENT**

All parties, through their duly authorized counsel, stipulate and agree to the immediate entry of the Final Judgment.

All parties hereto expressly waive any right to appeal from the Final Judgment so entered.

All parties expressly reserve the right to seek to enforce the Final Judgment in accordance with its terms by appropriate judicial means.

9

Plaintiffs Horizon and Cingular covenant and agree that they will, separately or together, use reasonable efforts to defend the validity of this Agreement and the Final Judgment against collateral attack by any person; and the other parties hereto covenant and agree (a) to cooperate with those efforts on reasonable request, and (b) not to undertake any action (directly or indirectly) with the intent or effect to undermine those efforts and/or to attack the validity of the Final Judgment. Plaintiffs also covenant and agree to assist the Defendants in the defense of any actions taken by the Defendants pursuant to the Agreement and Final Judgment.

The Defendants further covenant and agree (a) to defend the validity of all actions taken by them pursuant to the Agreement and the Final Judgment, and (b) not to initiate or intervene in any administrative or judicial appeal of or challenge to any permit, approval, order, or finding required for the construction of the wireless communication tower and facilities authorized by the Final Judgment, unless specifically requested to do so by the Plaintiffs, or as may be necessary to defend the Agreement and Final Judgment.

In the event of any removable appeal to state court by any other person or entity seeking to challenge any permit, approval, order, or finding required for the construction of the wireless communication tower and facilities authorized by the Final Judgment, all parties hereto consent to the removal of that matter to federal court for disposition consistent with the Final Judgment and the Federal Telecommunications Act.

## II.     DISPOSITION OF THE COMPANION STATE LITIGATION

Upon the issuance of a building permit by the Town of Wayland for the Plaintiffs' Tower Facility at the Reeves Hill Site or the 137 BPR Site, as applicable, including the proposed wireless communications tower and wireless communications facilities in accordance with the

10

Final Judgment entered pursuant hereto, the Plaintiffs, who have filed companion state litigation ancillary to this action, agree to file with the state court a stipulation dismissing such action with prejudice and without costs and waiving all rights of appeal with respect thereto ("Stipulation of Dismissal"); provided however that said stipulation shall be subject to Section III below and shall be limited in its effect only to the specific property and facility at issue in the state case and not to any other property or facility.

### III.    **FUTURE FACILITIES**

In the event any Plaintiff, its subsidiary or related entity or assignee or successor in interest to its subsidiary or related entity or assignee applies to the Town of Wayland for zoning permission for any future wireless communication facility that is not the subject of this Agreement and the Final Judgment entered pursuant hereto, nothing contained in this Agreement or in the Final Judgment or the state Stipulation of Dismissal entered pursuant hereto shall operate as res judicata or collateral estoppel with respect to any claim or defense asserted by any party in any litigation arising out of any such application.

### IV.    **REPRESENTATIONS AND WARRANTIES**

Each party respectively represents and warrants that this Agreement has been duly authorized by all necessary votes, actions, and other requirements of each Plaintiff, of the Town of Wayland, and of the Board of Appeals and its members and associate members, and constitutes a legal, valid and binding obligation in accordance with its terms, and that no consent or permission related to the obligations assumed by this Agreement is required under any covenant, agreement, or encumbrance or under any law or regulation of any governmental entity or jurisdiction.   Without limitation, the undersigned Counsel represent and warrant that they

11

have been authorized by their respective clients to execute and do hereby execute this Agreement settling the litigation.

## V.    GENERAL PROVISIONS AND PROMISES

A.    Nothing contained in this Agreement shall be construed as an admission of any fact, law or liability of any kind.

B.    The rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with the Federal Telecommunications Act of 1996 and, subject thereto, in accordance with the laws of the Commonwealth of Massachusetts.

C.    This Agreement constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.

D.    The Plaintiffs and the Defendants agree to cooperate and to act in good faith to achieve the terms of this Agreement.

E.    The parties stipulate and agree that, as used in this Agreement and the Final Judgment, reference to the Plaintiffs Cingular and Horizon shall refer to these respective entities and their respective employees, agents, contractors, successors, assigns and affiliates.

F.    The parties stipulate and agree that, by virtue of this Agreement and the resulting Final Judgment entered pursuant hereto, the Plaintiffs shall be entitled to construct, operate, maintain and use their Tower Facility either at the Reeves Hill Site or at the 137 BPR Site, but not at both sites. Accordingly, the parties stipulate and agree that, in the event construction, operation, maintenance and use of the Plaintiffs' 137 BPR Site Facility proceeds pursuant to this Agreement and the resulting Final Judgment entered pursuant hereto, then (a) any building

12

permit previously issued for the Plaintiffs' Reeves Hill Facility shall be null and void, (b) any

lease agreement for the Plaintiffs' Reeves Hill Facility shall be null and void, (c) any easement

granted to the Plaintiffs with respect to the Reeves Hill Site will be null and void and if such

easement was previously recorded at the Middlesex Registry of Deeds, appropriate

documentation will be recorded to indicate same, (d) the Plaintiffs shall remove from the Reeves

Hill Site any above-ground improvements installed by them and restore the Reeves Hill Site

substantially to its condition at the commencement of their construction, and (e) the Plaintiffs

shall not be required to remove from the Reeves Hill Site any below ground foundations or

underground utilities installed by or for them.

## VI.    **NOTICE REQUIREMENTS**

All notices required pursuant hereto shall be sent by hand or certified mail, return receipt

requested as follows:

> To the Plaintiff New Cingular PCS, LLC, f/k/a AT&T Wireless PCS, LLC, c/o System
> Development Manager, 580 Main Street, Bolton, Massachusetts 01740 and to Stephen D.
> Anderson, Anderson & Kreiger LLP, 43 Thorndike Street, Cambridge, MA 02141;
>
> To the Plaintiff Horizon Towers, LLC, c/o Edward T. Moore, 8 Doaks Lane, Marblehead,
> MA 01945 and to Stephen D. Anderson, Anderson & Kreiger LLP, 43 Thorndike Street,
> Cambridge, MA 02141;
>
> To the Defendants Town of Wayland et al., c/o Town Clerk, Town Building, 41
> Cochituate Road, Wayland, MA 01778, with a copy to Joel B. Bard and Patricia A.
> Cantor, Esq., Kopelman & Paige P.C., 31 St. James Avenue, Boston MA 02116.

THE PLAINTIFFS
  NEW CINGULAR PCS, LLC, EASTERN
TOWERS, LLC and
  HORIZON TOWERS, LLC
By its attorneys,

_____
Stephen D. Anderson, Esq. (BBO #018700)
Douglas H. Wilkins, Esq. (BBO #528000)
Brian S. Grossman, Esq. (BBO# 641159)
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA  02141
(617) 252-6575

Dated:  August 12, 2005

TOWN OF WAYLAND,
BOARD OF APPEALS of the TOWN OF
WAYLAND and the Members and Associate
Members of the Board,
By its attorneys,

_____
Joel B. Bard, Esq. (BBO#029140)
Patricia A. Cantor, Esq. (BBO#072380)
Kopelman & Page, P.C
31 St. James Avenue,
Boston, MA 02116
(617)-556-0007

**EXHIBITS TO AGREEMENT FOR JUDGMENT**

| Exhibit | Description |
|---|---|
| A | Request for Proposals ("RFP") for the lease of the Reeves Hill Site. |
| B | Form of determinations under G.L. c. 40 §§ 15 and 15A, to lease a portion of the Reeves Hill Site sufficient for the Reeves Hill Tower Facility together with all necessary access and utilities from a public way |
| C | Warrant Article authorizing (i) the transfer of the Reeves Hill Site from the Water Commissioners to the Board of Selectmen for purposes of entering a long-term lease of a portion thereof for wireless communication purposes, (ii) the long-term lease of a portion of the Reeves Hill Site for wireless communication purposes, (iii) the grant of all necessary easements for electric and telephone utilities to service the Reeves Hill Site for wireless communication purposes, and (iv) any additional Town Meeting approvals necessary for the construction, operation, maintenance and use of the Reeves Hill Tower Facility, including without limitation any approvals necessary to provide the Town with good, clear, record, marketable, unrestricted title to the Reeves Hill Site and all necessary access thereto from a public way for this purpose. |
| D | Warrant Article to rezone the Reeves Hill Site as a Special Planned Wireless District in which the Reeves Hill Tower Facility would be allowed as of right |
| E | Conditions for Plaintiffs' Tower Facility if constructed at the 137 BPR Site |
| F | Conditions for Plaintiffs' Tower Facility if constructed at the Reeves Hill Site |
| G | Proposed Form of Final Judgment |

g:\docs\att\waylandeasternlit\p\amendedfinalsettlement\agreement for judgment-final-1a-clean-081105.doc