UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, f/k/a AT&T WIRELESS PCS, LLC, and HORIZON TOWERS, LLC, (substituted for Eastern Towers, LLC) <br><br>                                          Plaintiffs, <br> v. <br> TOWN OF WAYLAND, MASSACHUSETTS, BOARD OF APPEALS of the TOWN OF WAYLAND and JAMES E. GRUMBACH, ERIC B. GOLDBERG, STEVEN FUGARAZZO, LAWRENCE K. GLICK, SUSAN KOFFMAN, SHAUNT SORIAN, ADIA GENNIS, LINDA SEGAL, as they are members and alternate members of the Board, <br><br>                                          Defendants. | C.A. No. 04-11807 MLW |

## FINAL JUDGMENT

These matters having come before the Court on the parties' Final Agreement for Judgment ("Agreement for Judgment"), it is hereby ordered, adjudged and declared as follows:

1. **Counts Determined**

IT IS HEREBY ORDERED that Final Judgment shall be and hereby is entered in favor of the Plaintiffs New Cingular Wireless PCS, LLC f/k/a AT&T Wireless PCS, LLC ("Cingular") and Horizon Towers, LLC,[1] the assignee from Eastern Towers, LLC of the ground lease agreement and all other site related work product involving the development of a wireless communications tower at 137 Boston Post Road, Wayland, MA (collectively "Horizon") on

---

[1] For purposes of this Judgment, all parties having so stipulated, it is hereby ordered that Horizon Towers, LLC (f/k/a Eastern Towers II, LLC) shall be and hereby is substituted as a Plaintiff in this action under Fed. R. Civ. P.15 and 17 for Eastern Towers, LLC, on the ground that Horizon Towers, LLC is the assignee of the ground lease for the 137 Boston Post Road Site and a party in interest in this action.

Count I of the Complaint, and, as the remedy therefor, the Plaintiffs shall be and hereby are authorized to construct, operate, maintain and use their wireless communication tower and facilities in Wayland, Massachusetts on the terms set forth below ("Judgment"). No other relief except that provided according to the provisions of this Final Judgment and the Agreement for Judgment entered into by the parties is hereby granted. No costs and/or attorneys fees are to be sought by or awarded to any party (other than as noted in Section 3.1 hereof).

2. **Relief as to Reeves Hill Site**

2.1   IT IS FURTHER ORDERED that, upon issuance of a building permit by the Town of Wayland in accordance with Section 2.2(7) hereof, the Plaintiffs Cingular and Horizon shall be permitted to construct, operate, maintain and use a 180 foot above ground level ("AGL") wireless communications monopole facility, for use by up to four carriers ("Tower") and their respective wireless communications facilities within a 50' x 80' (4,000 square foot) equipment compound at 139 Old Connecticut Path and 0 Old Connecticut Path on the lots identified on Wayland Assessor's Map 34 as Parcels 026, 026A, and 27, owned by the Town of Wayland within the control of the Wayland Water Commissioners (the "Reeves Hill Site"),[2] along with all necessary antennas, cables, equipment, usable means of access and electric and telephone utilities, (such access and utilities being from Old Connecticut Path), with emergency access over 26 Forest Hill Road (lot 34-015) from Forest Hill Road, such emergency access being subject to the approval of the Wayland Conservation Commission which shall not be unreasonably

---

[2]   Based on a site visit by the parties on June 23, 2005, the 50' x 80' equipment compound is to be located within an area immediately south of the existing tower on the property. The preferred area for the compound extends for approximately 100 feet to the south and 150 feet to the west from the Southeast corner of the fence surrounding the existing tower (the corner nearest the apron and furthest from Old Connecticut Path). The parties may refine the location of the compound and tower by mutual agreement, it being the intent of this Judgment that the Defendants

2

withheld or delayed if such access is necessary for the proper construction, operation, maintenance or use of the Plaintiffs' approved facilities and requested only in the event access from Old Connecticut Path is unavailable (all of the foregoing collectively referred to as the "Reeves Hill Tower Facility").

2.2   IT IS FURTHER ORDERED that the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment unless the Defendants shall make the Reeves Hill Site available to the Plaintiffs as a viable location for the Plaintiffs' Reeves Hill Tower Facility by undertaking all necessary actions and by fulfilling all applicable requirements under state and local law as set forth below within the expedited time frames set forth herein (the "Municipal Requirements"):

1. On or before September 7, 2005, the Town of Wayland shall issue a Request for Proposals ("RFP") for the lease of a portion of the Reeves Hill Site substantially in the form attached as Exhibit A to the Agreement for Judgment, contingent upon the authorizations by Town Meeting specified below. In the event the Plaintiffs are the successful bidder in response to the RFP, the Town shall on or before October 17, 2005, award the contract to the Plaintiffs and enter into the lease with the Plaintiffs for the Reeves Hill Tower Facility in accordance with the RFP's time limits, contingent upon the authorizations by Town Meeting specified below. In the event the Town fails to so issue the RFP, award the contract to the Plaintiffs, or execute the lease with the Plaintiffs, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment unless the Plaintiffs have failed to respond to the RFP in accordance with its minimum bid requirements set forth in Section VI thereof.

2. On or before July 15, 2005, the Town acting by and through the Wayland Water Commissioners or other Town board or officer having charge of the Reeves Hill Site shall prepare and approve a site map (the "Site Map") that shows (i) the location of various existing structures currently being used by the Wayland Water, Police and Fire Departments, e.g., water tanks, pump house, and emergency communications tower, (ii) the preferred location for the Reeves Hill Tower Facility (the "Preferred Lease Location"), and (iii) the area in which no construction may occur (the "Restricted Area") and shall issue any necessary

---

shall make available to the Plaintiffs a suitable 50' x 80' area on the Reeves Hill Site for the equipment compound and tower.

3

notice, opinion and determination under G.L. c. 40 §§ 15 and 15A, substantially in the form attached as Exhibit B to the Agreement for Judgment, to make available for lease a 50' x 80' (4,000 square foot) portion of the Reeves Hill Site sufficient for the Reeves Hill Tower Facility together with all necessary access and utilities from a public way (the "Reeves Hill Tower Facility Lease Area"). In the event the Town fails to so issue any such necessary notice, opinion and determination, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

3. As soon as practicable and no later than November 2, 2005 (to be concluded by November 7, 2005) unless otherwise agreed in writing by counsel for the parties,[3] the Town shall hold a Special Town Meeting ("Special Town Meeting"). In determining what is practicable, the Town shall not unreasonably or unnecessarily delay, but may give due consideration to consolidation of the matters stated in sub paragraphs (a) and (b) below with an anticipated additional (but unrelated) warrant item for development of Town Center. For the Special Town Meeting, the Town shall duly publish and post a warrant containing the following Articles and shall consider the following Articles at the Special Town Meeting:

   (a) an Article substantially in the form attached as Exhibit C to the Agreement for Judgment authorizing (i) the transfer of the Reeves Hill Site from the Water Commissioners to the Board of Selectmen for purposes of entering a long-term lease of a portion thereof for wireless communication purposes, (ii) the long-term lease of a portion of the Reeves Hill Site for wireless communication purposes, (iii) the grant of all necessary easements for electric and telephone utilities to service the Reeves Hill Site for wireless communication purposes, and (iv) any additional Town Meeting approvals necessary for the construction, operation, maintenance and use of the Reeves Hill Tower Facility, including without limitation any approvals necessary to provide the Town with good, clear, record, marketable, unrestricted title to the Reeves Hill Site and all necessary access thereto from a public way for this purpose; and

   (b) after complying with all necessary requirements of G.L. c. 40A, § 5, an Article substantially in the form attached as Exhibit D to the Agreement for Judgment to rezone the Reeves Hill Site as a Special Planned Wireless District in which the Reeves Hill Tower Facility would be allowed as of right.

---

[3] The parties have acknowledged that the Town is attempting to schedule a single Special Town Meeting for the reasons set forth in this Judgment and for unrelated matters concerning a Town center project. In the event the Town center project is unavoidably delayed, the Town may request an additional extension from the Plaintiffs to hold the Special Town Meeting to and including November 12, 2005. The Plaintiffs' assent to this extension will not be unreasonably withheld. In the event the Plaintiffs do assent to this extension, the deadlines in this Judgment following upon and dependent on the date of the Special Town Meeting will be extended by the same number of days as the extension for the Special Town Meeting. No further extensions of the Special Town Meeting deadline or other deadlines for action by the Defendants will be allowed.

4

4. In the event the Town does not, within 6 calendar days of the opening of the Special Town Meeting, and no later than November 7, 2005, duly adopt by the requisite votes of Town Meeting the Articles referred to in subsections 3(a) and 3(b) of this Section, and duly conclude the Special Town Meeting without reconsideration thereof, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

5. In the event that the Town adopts the Article referred to in subsection 3(b) of this Section (to rezone the Reeves Hill Site as a Special Planned Wireless District in which the Reeves Hill Tower Facility would be allowed as of right), the Town shall within five business days after the end of the Special Town Meeting referred to in subsection 3 above request the approval of this zoning amendment by the Massachusetts Attorney General. In the event the Massachusetts Attorney General disapproves this zoning amendment in whole or in part, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment, unless the portion or portions of such zoning amendment not approved do not inhibit the Plaintiffs' ability to construct, operate, maintain and use the Reeves Hill Tower Facility on the Reeves Hill Site.

6. On or before November 9, 2005, the Town shall submit to the Department of Environmental Protection ("DEP") all necessary documentation and take all necessary actions to satisfy DEP's Policy No. DWSP98-01 and its Guidance DWSG98-01, which became effective on June 18, 1998, and which impose certain requirements governing construction of wireless communication facilities on any land under the control of a public water system. In the event that (a) the Town does not do so or (b) DEP disapproves of the use of the Reeves Hill Tower Facility Lease Area and an alternative location on the Reeves Hill Site that would be acceptable to the DEP, Plaintiffs and Wayland Water Commissioners can not be identified and fully authorized and approved within 30 days of notice of disapproval by DEP or such other time period as the parties may agree, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

7. Within two business days following the end of the Special Town Meeting referred to in 3 above, and no later than November 10, 2005, or within 30 days after the Plaintiffs shall have submitted a building permit application for the Reeves Hill Tower Facility consistent with this Judgment, whichever is later, the Town shall issue a building permit (and any necessary electrical and foundation permits) for the Plaintiffs' Reeves Hill Tower Facility. In the event the Town does not do so, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

8. On or before November 9, 2005, the Town shall effectuate all other necessary actions and requirements necessary to implement the foregoing. In the event that the

Town does not do so, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

9. On or before November 15, 2005, the Town shall duly execute and deliver for recording all necessary easements for electric and telephone utilities to service the Reeves Hill Site for wireless communication purposes. In the event that the Town does not do so, then the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

2.3    IT IS FURTHER ORDERED that the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment in the event that any lawsuit, appeal, or other administrative or judicial proceeding is commenced by any person or entity seeking to challenge the validity of any of the actions taken pursuant to, with respect to, or resulting from the Municipal Requirements, other than the issuance of the building permit noted in Section 2.2(7), unless each and every such proceeding is fully and finally resolved in the favor of Cingular's and Horizon's rights with respect thereto within the later of (i) 90 days of the commencement of the proceeding, (ii) 30 days after the submission of a building permit application for construction of the Plaintiffs' Tower Facility at the 137 BPR Site, or (iii) such other time period as the parties may agree to and the Court may approve. In the case of an appeal of the issuance of the building permit noted in Section 2.2(7), the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment in the event that any lawsuit, appeal, or other administrative or judicial proceeding results in an order enjoining, prohibiting or rendering legally infeasible the Plaintiffs' Reeves Hill Tower Facility unless each and every such order is vacated and each and every such proceeding is fully and finally resolved in the favor of Cingular's and Horizon's rights with respect thereto within the later of (i) 90 days of the commencement of the proceeding, (ii) 30 days after the submission of a building permit application for construction of the Plaintiffs' Tower Facility at

6

the 137 BPR Site, or (iii) such other time period as the parties may agree to and the Court may approve.

2.4  IT IS FURTHER ORDERED that the deadline for the issuance of the building permit for the Plaintiffs' Court-approved Reeves Hill Tower Facility shall not be extended by reason of any lawsuit, appeal, or other administrative or judicial proceeding set forth in the preceding paragraph, unless the parties agree to such extension and jointly move that the Court amend this Judgment to provide for the extension.

2.5  IT IS FURTHER ORDERED that, if the Plaintiffs shall construct the Reeves Hill Tower Facility at the Reeves Hill Site, (i) it shall be subject to the conditions attached as Exhibit F to the Agreement for Judgment, (ii) the wireless antennas located thereon will be arrayed in an effort to provide coverage to both the alleged gap in coverage along Route 20 and surrounding areas and to portions of the Mainstone Farm condominiums from the Plaintiffs' Reeves Hill Tower Facility, (iii) the Town will be authorized to place, at its expense, one or more emergency antenna(s), e.g., Police and Fire, on the Plaintiffs' monopole as long as the antenna(s) do not interfere with the provision of wireless communications and the location of the antenna(s) is approved by the Plaintiffs, such approval not to be unreasonably withheld, and (iii) for a period of two years from the date of executing the Agreement for Judgment, Horizon, and any of its subsidiaries or related entities or assignees or successors in interest to their subsidiaries or related entities or assignees shall not file an application to the Town of Wayland for another wireless communications facility within a one and one-half mile radius of the tower at the Reeves Hill Site or the 137 BPR Site to the extent such facility would be located within the Town of Wayland, unless Horizon first notifies the Town that such a facility is necessary to

7

provide personal wireless services and the Town agrees to the filing of an application, which agreement shall not be unreasonably withheld and shall be deemed granted unless denied for cause (which must be more than solely the need for a zoning change, permit or variance) in a writing received by Horizon within 10 days of written notice to the Town at the addresses set forth in Section VI of the Agreement for Judgment.

2.6   IT IS FURTHER ORDERED that the phrase "substantially in the form" as used in this Judgment with respect to the Request for Proposals (section 2.2.1), the notice (section 2.2.2), and the Articles (sections 2.2.3.a and 2.2.3.b), shall allow minor adjustments to these exhibits which are consistent with the intent of this Judgment but shall not permit any material change, alteration, or amendment to the RFP, the notice or the Articles including changes which would (a) delay, prevent or impair the construction, operation, maintenance or use of a four carrier monopole at the height set forth in item 2.1 above, (b) derogate from coverage from such a monopole on Route 20 and the surrounding area by four carriers, (c) derogate from the coverage of the Mainstone Farm condominium area by at least two carriers, (d) prevent or interfere with Cingular's coverage in both the 800-900 and 1850-1990 MHz bands, (e) impose any requirements inconsistent with the Telecommunications Act of 1996 or preempted by federal law, rule or regulation, or (f) materially increase the costs of the construction, operation, maintenance or use of the Reeves Hill Tower Facility.

2.7   IT IS FURTHER ORDERED THAT, if, after motion, notice, opportunity for opposition and hearing (if allowed by the Court), the Court finds that the Town or Town Meeting has taken or refused to take any vote(s) or other action(s) with the purpose or effect of denying or unduly delaying permission for the Plaintiffs to construct and use the Reeves Hill

Site for the purposes stated herein on the timetable set forth herein, the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment.

### 3. Relief As To 137 Boston Post Road

3.1    IT IS FURTHER ORDERED that, if (a) any of the triggering events set forth in Section 2 above occurs, (b) if any court issues an order that enjoins construction, operation, maintenance or use of, or issuance of any permit, approval or contract necessary for the Plaintiffs' Reeves Hill Tower Facility and such action is not resolved in the favor of Cingular's and Horizon's rights with respect thereto within the later of (i) 90 days of the commencement of the proceeding, (ii) 30 days after the submission of a building permit application for the Plaintiffs' Tower Facility at the 137 BPR Site, or (iii) such other extended period as the parties may agree to and the Court may approve, or (c) if the Reeves Hill Site becomes unavailable (as defined in Section 3.2) to the Plaintiffs Cingular, Horizon, or both, then the Plaintiffs' requests for relief shall be and hereby are GRANTED with respect to the proposed installation of a wireless communication tower and facilities at 137 Boston Post Road (the "137 BPR Site") as follows:

> (1) The Decision of the Board of Appeals denying zoning variances for the Plaintiffs' proposed tower and facilities shall be and hereby is (a) vacated to the extent it denied zoning relief for Plaintiffs' proposed facilities, and (b) amended and modified to grant all necessary zoning variances and other relief for the proposed three-carrier facility ("137 BPR Site Facility") in accordance with the Plaintiffs' plans therefore dated October 21, 2003 as previously filed with the Board and amended during the public hearing process and any construction drawings necessary to effectuate the same (collectively the "137 BPR Site Plans") and subject to the Conditions set forth in Exhibit E to the parties' Agreement for Judgment;

> (2) There is no just cause for delay in the immediate issuance of all other necessary zoning relief for the 137 BPR Site Facility by this Judgment alone, and

(except as specified herein) with no other actions, meetings, hearings or decisions of any Board or official of the Town of Wayland being necessary;

(3) The Defendant Town of Wayland (and all municipal Boards and Officials of the Defendant Town of Wayland) shall, upon a completed application from Cingular and/or Horizon therefor, within a reasonable time thereafter, not to exceed 21 days, forthwith issue any necessary building permits, foundation permits, and electrical permits for the construction of the Plaintiffs' wireless communications tower and the carriers' wireless communications facilities on the proposed 137 BPR Site Facility in accordance with this Judgment, the 137 BPR Site Plans, and the stipulated conditions attached to the parties' Agreement for Judgment as Exhibit E; and

(4) The Plaintiffs will reimburse the Town for its actual legal expenses incurred in connection with this litigation, including mediation and settlement discussions, in an amount not to exceed $33,750.

3.2   IT IS FURTHER ORDERED that the Reeves Hill Site alternative shall be considered unavailable for the Court-approved wireless communication tower and facilities, and the Plaintiffs shall be entitled to the relief set forth in Section 3 of this Judgment, if any factor beyond the reasonable control of the Plaintiffs, Horizon and/or Cingular, does or will (a) prohibit or delay by more than three months, from any date for action by the Town listed above, or the building permit issued pursuant to Section 2.2(7), the construction of the Reeves Hill Tower Facility, or (b) escalate by more than 20% the construction cost of the Reeves Hill Tower Facility compared to its anticipated construction cost ($195,000) as of the date of this Judgment and such additional cost can not be recovered by the Plaintiffs through a mutually agreeable amendment to the rentals payable under its lease, such agreement to be reached within 30 days after submission of a building permit application for construction of the Plaintiffs' Tower Facility at the 137 BPR Site, or such other time period as the parties may agree. Such factors may include, without limitation, (1) any denial of a governmental permit, approval, order, or finding required for the

10

construction and operation of the wireless communication tower and facilities or any imposition of conditions that result in an effective denial; (2) any finding of adverse effect on historical or archaeological resources at or in the vicinity of the Reeves Hill Site by the Massachusetts Historical Commission, which finding cannot be mitigated at reasonable cost within 30 days; (3) any appeal (or any intervention in any appeal) by any person or entity of any governmental permit, approval, order, finding or judgment related to the wireless communication tower and facilities, other than the issuance of the building permit noted in Section 2.2(7), or, in the case of an appeal of the issuance of the building permit noted in Section 2.2(7), any binding order or judgment that enjoins, prohibits or renders infeasible the Plaintiffs' Reeves Hill Facility unless each and every order is vacated and each and every judgment is fully and finally resolved in the favor of Cingular's and Horizon's rights with respect thereto within the later of (i) 90 days of the commencement of the proceeding, (ii) 30 days after submission of a building permit application for construction of the Plaintiffs' Tower Facility at the 137 BPR Site, or (iii) such other time period as the parties may agree to and the Court may approve; (4) the presence of any threatened or endangered species, wildlife habitat, vernal pool, perennial stream, or other environmental condition at or near the Reeves Hill Site which presents a material obstacle to construction of the facilities, which obstacle cannot be mitigated at reasonable cost within 30 days; (5) any objective material breach of the Lease Agreement for the Reeves Hill Site by the Town; (6) the inability on reasonable terms to bring necessary telephone and electric utilities to the proposed location of the Reeves Hill Tower Facility; (7) radio frequency problem(s) not otherwise identified in any crane test performed in connection with the Agreement for Judgment or site acquisition problem(s), constructability problem(s), and legal problem(s) not reasonably known at the time the parties

11

execute the Agreement for Judgment or on the last day for filing an objection pursuant to Section 3(c) or 3(d) of the Escrow Agreement, or (8) any other impediment rendering the Reeves Hill Site infeasible for Horizon's or Cingular's wireless telecommunications purposes. In the event that the parties dispute that any of the foregoing factors have occurred, the parties agree to submit their dispute to the court for decision.

3.3    IT IS FURTHER ORDERED that, in the event the Plaintiffs Horizon and/or Cingular determine that the Reeves Hill Site alternative is unavailable as defined above, and it is necessary to construct the wireless communication tower and facilities at the 137 BPR Site, they shall so notify the Town Counsel in this litigation in writing of the reasons therefor (the "Notice of Unavailability"). If a defendant wishes to contest the infeasibility or unavailability determination in any such notification (whenever sent), it shall inform the Plaintiff(s) in writing within 21 days of receipt of the Notice of Unavailability, in which case the parties shall follow the procedure set forth in Section 4 of this Judgment.

3.4    IT IS FURTHER ORDERED that, upon receipt of the Notice of Unavailability, the Defendant Town of Wayland (and all municipal Boards and Officials of the Defendant Town of Wayland) shall, upon application therefor, forthwith issue any necessary building permit(s), foundation permit(s) and electrical permit(s) for the construction of the wireless communications tower and wireless communications facilities of the Plaintiffs Horizon and Cingular at the 137 BPR Site in accordance with this Judgment, the Plans, and the Conditions set forth in Exhibit E to the parties' Agreement for Judgment with the understanding by all parties that such building permit shall become null and void in the event that, (a) the Town has, at its expense, fully and finally resolved to Cingular's and Horizon's reasonable satisfaction all issues identified in the

12

Notice of Unavailability within 30 days after submission of a building permit application for construction of the Plaintiffs' Tower Facility at the 137 BPR Site, or such other time period as the parties may agree, or (b) at least 30 days prior to the commencement of construction of the Plaintiff's facilities at the 137 BPR Site, counsel for the parties hereto, or the Court as provided for in Section 4(c), determine that the Reeves Hill Site is not unavailable as defined in Section 3.2 hereof.

3.5   IT IS FURTHER ORDERED that, in the event construction, operation, maintenance and use of the Plaintiffs' 137 BPR Site Facility proceeds pursuant to this Judgment, then (a) any building permit previously issued for the Plaintiffs' Reeves Hill Facility shall be null and void, (b) any lease agreement for the Plaintiffs' Reeves Hill Facility shall be null and void, (c) any easement granted to the Plaintiffs with respect to the Reeves Hill Site shall be null and void and if such easement was previously recorded at the Middlesex Registry of Deeds, appropriate documentation will be recorded to indicate same, (d) the Plaintiffs shall remove from the Reeves Hill Site any above-ground improvements installed by them and restore the Reeves Hill Site substantially to its condition at the commencement of their construction, and (e) the Plaintiffs shall not be required to remove from the Reeves Hill Site any below ground foundations or underground utilities installed by of for them.

4.   **Dispute Resolution.**

IT IS FURTHER ORDERED THAT the parties shall observe the following dispute resolution procedures:

   a.   Within fourteen (14) days of the receipt of the objection to a Notice of Unavailability under Section 3 above, the Plaintiffs Cingular and Horizon through their respective counsel, and the Town's Counsel in this litigation shall meet in an effort to resolve their differences.

13

    b.  As soon as practicable after the conclusion of the meeting, Counsel shall prepare and endorse a list of Agreed Facts and a list of Contested Facts.

    c.  Within 30 days of Plaintiffs' receipt of the objection to a Notice of Unavailability, any party may then ask the Court to resolve the Contested Facts and order further relief through the procedures of Fed. R. Civ. P. 56 or by requesting an evidentiary hearing, and may request that the Court determine whether proposed conditions are reasonable and/or whether, employing the standards of this Judgment, the Reeves Hill Site is unavailable as a reasonably feasible alternative to the 137 BPR Site and, if it is unavailable, to allow the Plaintiffs to proceed to permit and construct the 137 BPR Site Facility under Section 3 of this Judgment.

5. **Remaining Relief**

  5.1 IT IS FURTHER ORDERED that there is no just cause for delay in the immediate issuance of the foregoing relief such that the Town of Wayland and its various boards and officials (including without limitation the Board of Appeals, the Planning Board and the Building Commissioner), by the Judgment of this Court and with no other actions, meetings, hearings or decisions being necessary except as specified herein, shall be and hereby are deemed to have issued all necessary zoning relief including without limitation site plan approvals, special permits and variances for the Plaintiffs to construct and operate their wireless communication tower and facilities (including without limitation all necessary antennas, cables, cable trays, equipment shelters, telephone and electric utilities, access, and any other necessary equipment and appurtenances) in accordance with this Judgment and the Agreement for Judgment.

  5.2 IT IS FURTHER ORDERED that in the event any of the Plaintiffs Horizon or Cingular, or any of their subsidiaries or related entities or assignees or successors in interest applies to the Town of Wayland for zoning permission for any future wireless communication facility that is not the subject of this Judgment, nothing contained in the Agreement for Judgment

or in this Judgment shall operate as <u>res judicata</u> or collateral estoppel with respect to any claim or defense asserted by any party in any litigation arising out of any such application.

    5.3    IT IS FURTHER ORDERED that the remaining Counts of all Complaints listed above are dismissed with prejudice as to the 137 BPR site, without prejudice as to other sites and without costs (other than as noted in Section 3.1 hereof).

SO ORDERED:

*[signature]*

Sept. 22, 2005
Nunc Pro Tunc
Sept. 12, 2005

g:\docs\att\wa\landeasternlit\p\amendedfinalsettlement\exhibitg-judgment-final-1a-clean-081105.doc

15